[No. 40987-9-II.   Division Two.   February 7, 2012.]

PAUL LIETZ, *Petitioner*, v. HANSEN LAW OFFICES, PSC, ET AL., *Respondents*.

574

*Susan B. Mindenbergs* (of *Law Office of Susan B. Mindenbergs*), for petitioner.

*Geoffrey C. Cross*, for respondents.

¶1 HUNT, J. — Paul Lietz appeals the trial court's (1) refusal to enter a CR 68 offer of judgment, which Hansen Law Offices PSC and Amy Hansen (collectively Hansen) extended before trial and Lietz claims he unconditionally accepted; and (2) refusal to award attorney fees under RCW 49.48.030.[1] Lietz argues that the trial court erred in (1) finding no "meeting of the minds"[2] about whether the offer of judgment included attorney fees; (2) ruling the offer of judgment agreement invalid, despite Hansen's offer and Lietz's unconditional acceptance having satisfied the doctrine of mutual assent (formerly known as "meeting of the minds")[3]; and (3) denying him reasonable attorney fees, to which RCW 49.48.030 and Washington case law entitled

---

[1] RCW 49.48.030 was amended in 2010 to add gender neutral language; this change does not affect our analysis here. We will be referring to the current version of the statute throughout the opinion.

[2] Verbatim Report of Proceedings (May 14, 2010) at 15.

[3] *Swanson v. Holmquist*, 13 Wn. App. 939, 942, 539 P.2d 104 (1975) ("Mutual assent is the modern expression for the concept of 'meeting of the minds.'").

him. Bypassing Lietz's mutual assent argument, Hansen responds that *McGuire v. Bates*, 169 Wn.2d 185, 234 P.3d 205 (2010), fully resolves the issue in her favor. We reverse and remand to the trial court to enter the CR 68 offer of judgment agreement and to award reasonable attorney fees to Lietz. We also award Lietz attorney fees on appeal.

## FACTS

¶2 From approximately January 5, 2006, to June 13, 2007, Paul Lietz worked as a paralegal and investigator for Hansen. Lietz planned to become an attorney through Washington's "Rule 6 Law Clerk Program"; and Hansen had agreed to serve as his Rule 6 sponsor while he worked for her law firm. Hansen agreed to pay Lietz $15.00 per hour to work as an investigator on her personal injury cases. The parties dispute whether Hansen also agreed to pay Lietz $250 a week to work as a paralegal on Thursdays and Fridays. On June 13, 2007, Hansen terminated Lietz's working relationship with her firm.[4] Eventually, she also ended her Rule 6 sponsorship of him.

¶3 On June 18, 2008, Lietz sued Hansen for breach of employment contract and failure to pay $14,483.47 in wages for work he had performed for her as a paralegal and as an investigator. He sought economic damages, double damages, costs, and reasonable attorney fees under RCW 49.48.030.[5] Hansen filed a counterclaim, apparently asserting that Lietz's lawsuit was frivolous.[6] Trial was set for May 3, 2010.

---

[4] The parties dispute whether Lietz was an "employee" or an "independent contractor" of Hansen. *See* Reply Br. of Resp't at 1, 8; Clerk's Papers (CP) at 18. They also disagree about the rate and/or basis for his wages. This distinction, however, is irrelevant to the issues in this appeal.

[5] Lietz originally requested attorney fees under RCW 49.52.070 as well; but he appears to have dropped this claim. On appeal, he seeks attorney fees under only RCW 49.48.030.

[6] The precise nature of Hansen's counterclaim is unclear from the record before us on appeal. At various times in her trial memoranda and in her Reply Brief of Respondent, Hansen characterized her counterclaim as for "overpayment" or "fraudulent billing" practices, which terms do not appear in the counterclaim. *See*

## I. Settlement Offers

¶4 In early October 2009, Hansen submitted a CR 68 offer of judgment to Lietz for $2,500,[7] which Lietz rejected. In mid-October, the parties held a settlement conference with a Pierce County Superior Court judge. Hansen orally offered to settle for $7,500, which offer Lietz rejected.[8]

¶5 On April 20, 2010, Hansen served Lietz with a second document dated April 19 and entitled "Offer of Judgment," which she purportedly made "pursuant to RCW 4.84.185 and 4.84.280 and CR 68." Clerk's Papers (CP) at 43. In the bottom, left-hand side of the footer of the document, Hansen also referred to the document as an "Offer of Settlement." CP at 43. This second "Offer of Judgment" stated:

> Defendants wish to bring this matter to a quick and amicable disposition; and, therefore, offers to settle *the claim against defendants* at the present time in the amount of $7,500.00.

CP at 43 (emphasis added). This offer did not mention attorney fees or Hansen's counterclaim. On April 28, Lietz accepted this offer in writing as follows:

> [Lietz] accepts Defendants' offer of judgment dated April 19, 2010 in the amount of seven thousand five hundred dollars ($7,500).

CP at 45. Similar to Hansen's offer, Lietz's acceptance did not mention attorney fees or Hansen's counterclaim.

¶6 On April 29, Hansen filed a Notice of Settlement, stating, "[A]*ll claims* against *all* parties in this action have been resolved," and she asked the trial court to remove the

---

*e.g.*, Reply Br. of Resp't at 6; CP at 77. In his answer to Hansen's counterclaim, Lietz asserted that the counterclaim failed to state a claim upon which relief may be granted; but the record before us does not indicate whether Lietz ever moved to dismiss the counterclaim or if the trial court ruled on such motion.

[7] Neither party submitted this offer of judgment as part of the trial record. Therefore, it is not in the record on appeal.

[8] According to Lietz, he rejected the offer because it was less than a quarter of the attorney fees and costs that he had incurred in pursuing his lawsuit.

case from the trial calendar. CP at 26 (emphasis added). On April 30, Hansen mailed Lietz a check for $7,500 and an Agreed Order of Dismissal. Lietz returned the check and the Agreed Order of Dismissal to Hansen the same day and advised her that he would move for entry of judgment and seek attorney fees. CP at 147.

## II. MOTION FOR ENTRY OF JUDGMENT UNDER CR 68; ATTORNEY FEE DISPUTE

¶7 On May 6, Lietz moved for entry of judgment under CR 68 and for attorney fees under RCW 49.48.030. He proposed entry of a judgment for $44,045, which comprised the $7,500 agreed upon in the April 19, 2010 offer of judgment and $36,545 in attorney fees under RCW 49.48.030. Hansen opposed the addition of attorney fees, contending that she had offered the $7,500 to settle all of Lietz's claims, including any attorney fees.

¶8 Lietz responded that *Seaborn Pile Driving Co. v. Glew*, 132 Wn. App. 261, 267, 131 P.3d 910 (2006), *review denied*, 158 Wn.2d 1027 (2007), requires the trial court to award attorney fees, in addition to the offer of judgment amount, where a CR 68 offer of judgment is silent on attorney fees and the attorney fees are not defined as "costs" under the relevant attorney fee statute. CP at 159. He argued that (1) the statute awarding attorney fees for recovering unpaid wages, RCW 49.48.030, does not define attorney fees as "costs"; and (2) therefore, the trial court must award him attorney fees in addition to the $7,500 agreed upon when he accepted Hansen's offer of judgment. CP at 159.

¶9 Hansen argued to the trial court that her offer of judgment was "unambiguous," claiming that it clearly expressed her intent to resolve all claims against her because it deviated from the standard CR 68 language and used the words "settle" and "settlement." Verbatim Report of Proceedings (VRP) (May 14, 2010) at 8. When pressed further

by the court about why the document did not specify that it included attorney fees if her intent was to settle the entire case for $7,500, Hansen responded that it was "scrivener's error" and "maybe there's no meeting of the minds." VRP (May 14, 2010) at 11.

¶10 Finding that there was no "meeting of the minds" about whether the offer of judgment included attorney fees, the trial court refused to enter the April 19, 2010 offer of judgment.[9] VRP (May 14, 2010) at 15. The trial court also suggested that Lietz had an obligation to clarify any ambiguity with Hansen, or at least to put Hansen on notice that he intended to seek attorney fees, before accepting the offer.

### III. MOTIONS FOR RECONSIDERATION AND DISCRETIONARY REVIEW

¶11 Lietz moved for reconsideration, briefing the issue of mutual assent, and arguing that the trial court should construe any ambiguity in the offer of judgment against Hansen because she had drafted the document. Hansen did not specifically allege lack of mutual assent in her response. Instead, she argued that her attorney had made a "unilateral mistake" in drafting the April 19, 2010 offer of judgment and that the trial court should not enforce the CR 68 judgment under the "snap up" doctrine.[10] CP at 201.

---

[9] The trial court orally ruled:

> Well, I guess I'm kind of torn here. On the one hand, it's very possible Ms. Hansen never intended to offer any more than [$7,500]; on the other hand [Hansen's counsel] says it's under Rule 68 and [is] now trying to avoid 68, and in the [*Seaborn v. Glew*] case, so . . . I'm not going to enforce the agreement. There appears to me that there was not a meeting of the minds.

VRP (May 14, 2010) at 15.

[10] Under the so-called "snap up" doctrine, a court may decide not to enforce a contract where a party made a unilateral mistake in entering the contract and the other party knew of the other party's mistake at the time of acceptance and unfairly exploited the mistaken party's error. *See Clover Park Sch. Dist. No. 400 v. Consol. Dairy Prods. Co.*, 15 Wn. App. 429, 434, 550 P.2d 47 (1976). Such does not appear to have been the case here, however.

The trial court denied Lietz's motion for reconsideration[11] and set a trial date for the underlying wage claim.

¶12  Lietz moved for discretionary review. Ruling that the trial court had committed probable error that substantially alters the status quo, a commissioner of our court granted review. We set the case for oral argument before a panel of judges.

## ANALYSIS

### I. REFUSAL TO ENTER CR 68 OFFER OF JUDGMENT

¶13  Lietz argues that the trial court erred by refusing to enter the parties' April 19, 2010 offer of judgment based on lack of mutual assent because the trial court erroneously evaluated Hansen's unexpressed subjective intentions rather than her objective manifestations as case law requires. We agree.

### A. Standard of Review

¶14  We review issues involving construction of CR 68 offers of judgment de novo; and we review for clear error disputed factual findings concerning the circumstances under which the defendant made the offer. *Seaborn*, 132 Wn. App. at 266 (quoting *Herrington v. County of Sonoma*, 12 F.3d 901, 906 (9th Cir. 1993)). Washington's CR 68 is virtually identical to Federal Rule of Civil Procedure 68. *Hodge v. Dev. Servs. of Am.*, 65 Wn. App. 576, 579, 828 P.2d 1175 (1992). Thus, in the absence of state authority, Washington courts look to federal interpretation of the equivalent rule. *Hodge*, 65 Wn. App. at 580. In addition, courts

---

[11] The trial court reasoned:

[Lietz's counsel] makes a good point. [Hansen's counsel] is the one who drafts [the offer of judgment], so if there is ambiguity, I should probably construe it against [Hansen]. But my understanding is the total claim here was $14,000. They offered to settle 50 percent of that.

I'm sure Ms. Hansen didn't realize she might be stuck with $35,000 in attorney fees. Now, maybe her attorney should have known better, but she's the one that might have to pay. So I'm going to deny the motion to reconsider over the objection of [the] plaintiff.

Transcript of Proceedings (TP) (June 25, 2010) at 37-38.

must construe ambiguities in an offer of judgment against the drafter. *Seaborn*, 132 Wn. App. at 272 (citing *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833 (9th Cir. 1997)).

### B. CR 68 Offers of Judgment; Default Rule

¶15 CR 68 sets forth a procedure for defendants to offer to settle cases before trial. The rule aims to encourage parties to reach settlement agreements and to avoid lengthy litigation. *Dussault v. Seattle Pub. Sch.*, 69 Wn. App. 728, 732, 850 P.2d 581 (1993), *review denied*, 123 Wn.2d 1004 (1994). The rule achieves this objective by shifting any post-offer-of-judgment costs of litigation to a plaintiff who rejects a defendant's CR 68 offer and does not achieve a more favorable result at trial. *Seaborn* calls this cost-shifting provision the "CR 68 default rule." *Seaborn*, 132 Wn. App. at 272.

¶16 CR 68 provides, in relevant part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, *with costs then accrued.* If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court *shall* enter judgment. . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

(Emphasis added.)

¶17 CR 68's use of the term "costs," accrued before and after the offer of judgment, may or may not include attorney fees depending on the underlying statute. *Hodge*, 65 Wn. App. at 580. If a CR 68 offer of judgment is silent on the issue of attorney fees, then the court must look to the underlying statute or contract provision. *Seaborn*, 132 Wn.

App. at 267. If the statute or contract provision defines "attorney fees" as "costs," then the court reads the offer of judgment as including attorney fees even though the offer of judgment does not expressly mention them. *Seaborn*, 132 Wn. App. at 267 (citing *Marek v. Chesny*, 473 U.S. 1, 9, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985)). If, however, the statute or contract defines "attorney fees" as *separate* from "costs," then the court must separately award attorney fees in addition to the offer of judgment amount. *Seaborn*, 132 Wn. App. at 267 (citing *Marek*, 473 U.S. at 7). Under *Seaborn*'s articulation of the "default rule," CR 68 offers of judgment that are silent on attorney fees may trap an unwary plaintiff *or* defendant, depending on the language of the applicable underlying statute.[12]

¶18 As Division One has carefully explained in *Seaborn*:

> The cases that follow *Marek* make one principle abundantly clear: [A]lthough a CR 68 offer need not be a laundry list of everything that the offer includes, a wise offeror will expressly state that the offer includes attorney fees. If not, and if the underlying statute or contract does not define attorney fees as part of the costs, the offeree can seek those fees in addition to the amount of the offer. Seaborn, as the maker of the offer [of judgment here], should have availed itself of the chance to contravene the CR 68 default rule. Any ambiguity in the lump sum offer of judgment is construed against Seaborn.

*Seaborn*, 132 Wn. App. at 272 (citations omitted).

¶19 Hansen's offer of judgment did not mention attorney fees. Thus, under *Seaborn*, we construe against her any ambiguity in her lump sum offer of judgment, including whether the lump sum encompassed attorney fees; in so doing, we look to the underlying statute or contract for

---

[12] For example, compare *Seaborn*, 132 Wn. App. at 272 (holding defendant liable for attorney fees where its offer of judgment did not mention attorney fees and underlying statute did not define "attorney fees" as "costs"), with *Hodge*, 65 Wn. App. at 584 (noting defendants should be clear whether their offer of judgment includes attorney fees, in fairness to plaintiffs who may be caught off-guard if the underlying statute defines "attorney fees" as part of "costs").

guidance. Hansen's claim that she intended her offer to include attorney fees does not prevail any more than did Seaborn's similar claim:

> The only "evidence" Seaborn offered to the trial court was its insistence that it intended attorney fees to be included. The trial court concluded that although Seaborn may have intended the offer to include attorney fees, that intention was not expressed in the [offer of judgment] as written. The court interpreted the [offer of judgment] correctly.

*Seaborn*, 132 Wn. App. at 270-71.

¶20 Just as Division One read the defendant's offer of judgment in *Seaborn*, we read Hansen's offer of judgment as "silent" on attorney fees, and we look instead to the language of the underlying statute, RCW 49.48.030, to determine whether it defines "attorney fees" separately from "costs." Although RCW 49.48.030 generally requires an employer to pay a successful wage-claim litigant's attorney fees, the statute neither mentions the word "costs" nor specifically states whether attorney fees are defined or included as "costs" under this statute or elsewhere.[13] As Division One has previously held in *Hodge*, however, RCW 49.48.030's silence is "precisely the dispositive point" of CR 68 offer-of-judgment case law, under both our state law and analogous federal precedent. *Hodge*, 65 Wn. App. at 583. In the absence of a statutory definition that includes attorney fees as part of "costs," we do not read attorney fees as "costs" for purposes of a CR 68 offer of judgment unless the offer of

---

[13] RCW 49.48.030 provides:

In any action in which any person is successful in recovering judgment for wages or salary owed to him or her, *reasonable attorney's fees*, in an amount to be determined by the court, *shall be assessed against said employer* or former employer: PROVIDED, HOWEVER, That this section shall not apply if the amount of recovery is less than or equal to the amount admitted by the employer to be owing for said wages or salary.

(Emphasis added.)

judgment expressly states that it includes attorney fees. *Hodge*, 65 Wn. App. at 583-84.[14]

¶21 We hold, therefore, that because RCW 49.48.030 does not expressly provide that attorney fees are "costs" and because Hansen's offer of judgment did not specifically state that her CR 68 offer of judgment included attorney fees, Lietz is entitled to recover attorney fees from Hansen in addition to the judgment amount specified in her offer of judgment.

## C. Mutual Assent

¶22 Lietz argues that the trial court erred in refusing to enter Hansen's April 19, 2010 offer of judgment based on its conclusion that the parties lacked mutual assent about whether Hansen's offer of judgment included Lietz's attorney fees. Lietz lists the following indicia of mutual assent: (1) As expressed in the language of her offer, Hansen's objective manifestations conveyed her intent to settle *"the* claim"[15] against her (highlighting the singular article in the offer); and (2) he (Lietz) unequivocally and unconditionally accepted Hansen's offer.[16] Lietz also argues that the court must construe any ambiguity in the offer's language against Hansen because she drafted the document. We agree.

---

[14] We further note that, although ultimately decided on other grounds, *Hodge* suggests that RCW 49.48.030 does not define attorney fees as "costs" under CR 68's default rules. *Hodge*, 65 Wn. App. at 583-84. As we discuss later in this opinion, the *Hodge* court held that the parties did not have a valid offer and acceptance, so it did not need to reach the merits of whether the plaintiff could recover attorney fees under RCW 49.48.030 when the defendant's offer of judgment was silent on attorney fees. *See Hodge*, 65 Wn. App. at 583-84 (contrasting RCW 49.48.030 with RCW 49.60.030, a statute that explicitly includes attorney fees as part of costs).

[15] Br. of Appellant at 21.

[16] Without specifically addressing "mutual assent," Hansen baldly states that the trial court did not abuse its discretion. *See* Reply Br. of Resp't at 4.

### 1. "Objective manifestation" theory of contract formation

¶23 The " 'usual rules of contract construction' " apply to offers of judgment. *Nusom*, 122 F.3d at 833 (quoting *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995)); *see also McGuire*, 169 Wn.2d at 188-89 (applying contract principles to settlement agreements generally). A valid contract requires mutual assent, which generally takes the form of offer and acceptance. *Yakima County (W. Valley) Fire Prot. Dist. No. 12 v. City of Yakima*, 122 Wn.2d 371, 388-89, 858 P.2d 245 (1993). Washington follows the "objective manifestation test" for contract formation. *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 699, 952 P.2d 590 (1998).

¶24 Applying this "objective manifestation test," a court determines the parties' intent by focusing on their objective manifestations as expressed in the agreement.[17] *McGuire*, 169 Wn.2d at 189 (citing *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 503, 115 P.3d 262 (2005)). A court may consider extrinsic evidence as an aid in interpreting a contract's words, but it cannot import one party's unexpressed subjective intentions into the writing. *Seaborn*, 132 Wn. App. at 270 (citing *Berg v. Hudesman*, 115 Wn.2d 657, 669, 801 P.2d 222 (1990)).

¶25 Hansen's offer of judgment did not specifically mention attorney fees or purport to resolve her counterclaim for frivolous litigation. Her offer stated merely, "[Defendant Hansen] offers to settle the claim against defendants at the present time in the amount of $7,500.00." CP at 43. Lietz responded nine days later, "[Lietz] accepts Defendants' offer of judgment . . . in the amount of seven thousand five hundred dollars ($7,500)." CP at 45. As *McGuire* notes, under an "objective manifestation" theory of contract for-

---

[17] The parties' subjective intent is generally irrelevant if the court can impute an intention corresponding to the reasonable meaning of the actual words used. *McGuire*, 169 Wn.2d at 189.

mation, we look primarily at the parties' words as expressed in the agreement (here, Hansen's offer and Lietz's acceptance).[18] The parties' writings objectively manifested their intent to settle *"the* claim" that was made *"against* defendants." CP at 43.

¶26 Hansen's use of the article "the" suggests that the parties agreed to settle one claim, namely Lietz's unpaid wage claim against Hansen. Clearly, the phrase "against defendants" shows that the agreement did not cover Hansen's counterclaim, a claim that defendant Hansen brought against plaintiff Lietz, not a claim brought "against" defendant Hansen, as required for a CR 68 offer of judgment. Although Hansen's offer of judgment[19] included references to RCW 4.84.185[20] and RCW 4.84.280,[21] neither of these statutes applies here. Thus, at best, the language of Hansen's offer of judgment is ambiguous.

¶27 As we have previously noted, a court must construe any ambiguities in the CR 68 offer of judgment against Hansen, the drafter. *Seaborn*, 132 Wn. App. at 272. In denying Lietz's motion for reconsideration, however, the trial court appears to have considered Hansen's unex-

---

[18] Although a court may also look at extrinsic evidence to aid interpretation, the trial court here did not take oral testimony or conduct a factual hearing on the issue of mutual assent.

[19] At oral argument, Hansen claimed that she had drafted her offer of judgment by modifying a standard form for use in connection with CR 68. *See also* CP at 149 (apparently citing 10A David E. Breskin, *Washington Practice: Civil Procedure Forms and Commentary* § 68.21 (2000)).

[20] RCW 4.84.185 addresses awarding reasonable attorneys fees to a party who prevails in an action opposing a frivolous lawsuit. It is not clear why Hansen brought her offer of judgment under RCW 4.84.185. Even if mentioning this statute could be said to evince her intent to waive attorney fees in her frivolous lawsuit counterclaim against Lietz, if Lietz agreed to settle his wage claim against her, such unexpressed intent of Hansen has no apparent bearing on Lietz's argument here that the parties objectively manifested mutual assent and that he is entitled to attorney fees under RCW 49.48.030.

[21] RCW 4.84.280 sets out the procedure and time frame for serving an offer of settlement on an adverse party in a case where the plaintiff originally pleaded $10,000.00 or less in damages. Again, this statute has no apparent relevance here because Lietz originally pleaded $14,483.47 in economic damages, in excess of this statute's $10,000.00 limit.

pressed subjective intentions and Hansen's attorney's acknowledgment that he had made a mistake in drafting the offer of judgment.[22] The trial court erred when it applied these factors to determine that the parties lacked mutual assent. As we note above, a court must look at the parties' objective manifestations for contract formation, not their unexpressed subjective intentions, when interpreting an ambiguous contract or a CR 68 offer of judgment. Similarly, Hansen's unilateral mistake in drafting the CR 68 offer cannot serve as a ground for voiding the CR 68 judgment under a lack-of-mutual-assent theory.[23] Therefore, the trial court erred in ruling that the CR 68 offer of judgment failed for lack of mutual assent.

## 2. *Seaborn* and *Hodge*

¶28 Division One addressed a similar dispute over a CR 68 offer of judgment in *Seaborn*. Seaborn contracted to build a 70-foot pier for the Glews. When the Glews did not pay, Seaborn sued to collect $1,824.48 owing. *Seaborn*, 132 Wn. App. at 264-65. Denying that they owed Seaborn money, the Glews counterclaimed for breach of contract, negligent misrepresentation, and violation of the Consumer Protection Act.[24] *Seaborn*, 132 Wn. App. at 265. Seaborn made a CR 68 offer of judgment for $4,500 in exchange for

---

[22] For example, the trial court stated:

> I'm sure Ms. Hansen didn't realize she might be stuck with $35,000 in attorney fees. Now, maybe her attorney should have known better, but she's the one that might have to pay. So I'm going to deny the motion to reconsider over the objection of [the] plaintiff.

TP (June 25, 2010) at 37-38.

[23] As we note in footnote 10, a court may refuse to enforce a contract based on one party's unilateral mistake if the other party knew about the mistake at the time of contract formation and unfairly exploited the mistake. Here, however, Hansen has neither alleged such facts nor appealed on these grounds. Thus, we do not further address such argument.

[24] Ch. 19.86 RCW.

the Glews' dismissal of their counterclaims;[25] but, as here, Seaborn's offer of judgment did not expressly mention attorney fees or address its original collection claim for the pier construction. *Seaborn*, 132 Wn. App. at 265. Without modification or reservation, the Glews accepted Seaborn's offer and moved separately for attorney fees, which the trial court granted. *Seaborn*, 132 Wn. App. at 266.

¶29 On appeal, Seaborn tried to void its offer of judgment, arguing that there had been no "mutual assent" between the parties because it had intended its offer of judgment to include attorney fees. *Seaborn*, 132 Wn. App. at 268. Division One flatly rejected Seaborn's argument, holding that an offeror's subjective intent does not override its offer of judgment's express language. *Seaborn*, 132 Wn. App. at 269-70. In essence, the appellate court concluded that the Glews satisfied the mutual assent requirement because they accepted defendant Seaborn's offer verbatim without modifying or qualifying their acceptance to include attorney fees. *See Seaborn*, 132 Wn. App. at 266, 270. Construing the offer's ambiguous language against Seaborn, the drafter, Division One affirmed the trial court's ruling, which enforced Seaborn's offer of judgment and held Seaborn liable for the Glews' attorney fees.[26] *Seaborn*, 132 Wn. App. at 272.

¶30 Division One, however, reached a different conclusion in *Hodge*, where a defendant's offer of judgment stated that it included "all costs and expenses" but did not specifically mention attorney fees. *Hodge*, 65 Wn. App. at 578. Unlike Lietz, the plaintiff in *Hodge* expressly qualified her acceptance of the defendant's offer of judgment by stating:

---

[25] Although Seaborn was the plaintiff in the underlying lawsuit, it was the defendant in the Glews' counterclaims. Thus, Seaborn could make a CR 68 offer of judgment to the Glews to settle their counterclaims.

[26] Federal courts have reached similar conclusions. *See, e.g., Hennessy v. Daniels Law Office*, 270 F.3d 551, 553-54 (8th Cir. 2001) (holding defendant's offer ambiguous because the word "judgment" was unclear; nevertheless, the agreement was still enforceable because the plaintiff unambiguously accepted it, without question or qualification).

She " 'hereby accepts' " the defendant's offer of judgment, but it " 'shall *not* include plaintiff's actual attorneys' fees.' "[27] *Hodge*, 65 Wn. App. at 578 (emphasis added). The defendant, in turn, claimed that its original offer included attorney fees. Holding the defendant's offer of judgment void, Division One held that under contract law, the plaintiff's qualified "acceptance," with its mention that the settlement did not include attorney fees, amounted to a counteroffer and a rejection of the defendant's offer of judgment.[28] *Hodge*, 65 Wn. App. at 582. Although the opinion did not use such terms, *Hodge* essentially ruled that the parties' objective manifestations showed they lacked mutual assent; and thus, the parties did not form a valid contract when the plaintiff qualified her acceptance of the defendant's offer of judgment to include attorney fees.

### 3. *McGuire*

¶31 Hansen relies almost exclusively on *McGuire*, in which, she contends, the Washington Supreme Court ruled

---

[27] *Hodge* addressed two statutes: RCW 49.60.030(2) and RCW 49.48.030. Because RCW 49.60.030(2) defines attorney fees as "costs," attorney fees were automatically included in the defendant's CR 68 offer of judgment under the default rule, even though the offer did not mention attorney fees. The court did not address the plaintiff's recovery of attorney fees under RCW 49.48.030, the statute under which Lietz sued here, because it found there was not a valid acceptance. *Hodge*, 65 Wn. App. at 584.

[28] Federal courts have reached similar conclusions. *See, e.g., Radecki v. Amco Oil Co.*, 858 F.2d 397, 403 (8th Cir. 1988) (invalid acceptance and, consequently, no mutual assent where plaintiff received *two* offers of judgment from defendant before accepting either and the second offer of judgment expressly clarified that the first offer included attorney fees); *Stewart v. Prof'l Computer Ctrs., Inc.*, 148 F.3d 937, 938 (8th Cir. 1998) (no mutual assent where plaintiff asked defendant to clarify what the offer included, defendant responded that offer included all " 'counts,' " which encompassed attorney fees, and plaintiff purported to accept original offer without attorney fees). These cases indicate that a court may invalidate a CR 68 judgment based on lack of mutual assent when a plaintiff expressly qualifies his acceptance to exclude attorney fees from the judgment amount or otherwise has actual knowledge that he is accepting an offer materially different from the offer the defendant made. Neither of these scenarios applies here.

on "precisely the issue here."[29] Reply Br. of Resp't at 5. This argument fails. First, we note that *McGuire* addresses RCW 4.84.250,[30] a different settlement statute than the one at issue here. *McGuire*, 169 Wn.2d at 187. *McGuire* also does not disturb the clear line of cases permitting a plaintiff to seek attorney fees where a defendant's CR 68 offer of judgment is silent on attorney fees and the applicable underlying statute does not define "attorney fees" as "costs." In *McGuire*, the defendant made three offers of settlement; the plaintiff accepted the third offer, which purportedly settled "all claims" for $2,180 under RCW 4.84.250-.280, but did not explicitly state whether it included attorney fees. *McGuire*, 169 Wn.2d at 188. The plaintiff moved for entry of judgment and an award of attorney fees and costs under RCW 18.27.040(6),[31] the relevant attorney fee statute. *McGuire*, 169 Wn.2d at 188. The trial court entered judgment for the settlement amount and awarded the plaintiff attorney fees; Division One affirmed. *McGuire*, 169 Wn.2d at 188.

¶32 Division One analogized settlement offers under chapter 4.84 RCW to CR 68 offers of judgment and held that the plaintiff was entitled to additional attorney fees because under *Seaborn*, the defendant's offer did not specify that it included attorney fees and the underlying statute allowed the plaintiff to recover attorney fees. *McGuire v. Bates*, 147 Wn. App. 751, 755-56, 198 P.3d 1038 (2008), *rev'd*,

---

[29] In the trial court, Hansen also argued against enforcing the offer of judgment as not including attorney fees based on scrivener's error and unilateral mistake. But she does not raise or argue these issues on appeal.

[30] RCW 4.84.250 has generated its own line of case law, distinct from case law addressing CR 68 offers of judgment. RCW 4.84.250 provides:

Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is seven thousand five hundred dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees. After July 1, 1985, the maximum amount of the pleading under this section shall be ten thousand dollars.

[31] RCW 18.27.040(6) is not at issue here.

169 Wn.2d 185. Noting that the Court of Appeals had "misapplied *Seaborn*," however, the Washington Supreme Court reversed, holding:

> We say that because the settlement offer that was accepted by McGuire settled "*all* claims" and one of the claims was for attorney fees[, t]he settlement offer, thus, was not silent regarding attorney fees.
>
> . . . .
>
> . . . There is only one reasonable meaning that can be ascribed to the words in their agreement to settle "all claims" "pursuant to RCW 4.84.250-.280." That meaning, we believe, is that all claims encompasses all claims, including claims for attorney fees.

*McGuire*, 169 Wn.2d at 190-91 (emphasis added). Based on the parties' objective manifestations, the Supreme Court concluded that the settlement offer included attorney fees. *McGuire*, 169 Wn.2d at 191. Nevertheless, *McGuire* neither overruled *Seaborn* nor held that *Seaborn* should not inform how a court construes settlement offers or CR 68 offers of judgment. *McGuire*, 169 Wn.2d at 190-91. Rather, *McGuire* appears to underscore that when a settlement offer explicitly states that it settles "*all* claims," it means precisely what it says: The settlement agreement extinguishes all claims relating to the underlying dispute, including any related claims for attorney fees.

¶33 Hansen attempts to read her offer of judgment like the settlement agreement in *McGuire*, apparently because she used the words "settle" and "settlement" in her CR 68 offer of judgment. *See* Reply Br. of Resp't at 5-8. Even assuming, without deciding, that we were to read Hansen's offer of judgment as an "offer of settlement" under chapter 4.84 RCW, her argument fails because the statutory provisions in RCW 4.84.250-.280 apply to settlement offers where a plaintiff originally pleaded $10,000 or less in damages, which is not the case here. In addition, Hansen's argument overlooks that her offer specifically stated that it would settle "*the* claim *against* defendants," language that

objectively manifested that she was offering to settle only a *portion* of the litigants' entire dispute; thus, Hansen's offer did not state or imply that it would settle *"all* claims" relating to the underlying dispute as did the offer at issue in *McGuire*.

¶34 We hold that Hansen's offer of judgment was ambiguous at best. Construing any ambiguity against Hansen as the drafter, we further hold that Hansen's offer of judgment did not include attorney fees, that there are sufficient indicia of mutual assent to enforce the offer of judgment, and that Lietz is entitled to an award of attorney fees in addition to the $7,500 CR 68 judgment amount.

## II. RCW 49.48.030 ATTORNEY FEES

### A. Trial

¶35 Lietz argues that the trial court erred in failing to award him reasonable attorney fees, in essence, as a result of its refusal to enter the parties' CR 68 judgment based on the trial court's finding "no meeting of the minds." Br. of Appellant at 11. More specifically, Lietz argues that he is entitled to attorney fees below because (1) Hansen's offer of judgment did not mention attorney fees and RCW 49.48.030 does not define "attorney fees" as "costs";[32] and (2) therefore, under *Seaborn* and the CR 68 cost-shifting rules discussed above, the trial court was *required* to award him attorney fees in addition to the judgment amount. We agree.

¶36 We review questions of statutory interpretation de novo; we interpret statutes to give effect to the legislature's intentions. *State v. Bunker*, 169 Wn.2d 571, 577-78, 238 P.3d 487 (2010). We begin by examining the statute's plain language. *Bunker*, 169 Wn.2d at 578. When a statute is ambiguous, we resort to principles of statutory construc-

---

[32] Br. of Appellant at 17.

tion, legislative history, and relevant case law to assist in interpretation. *Yousoufian v. Office of King County Exec.*, 152 Wn.2d 421, 434, 98 P.3d 463 (2004) (quoting *State v. Watson*, 146 Wn.2d 947, 955, 51 P.3d 66 (2002)). " '[A] statute is ambiguous if it can be reasonably interpreted in more than one way.' " *Yousoufian*, 152 Wn.2d at 433-34 (quoting *Vashon Island Comm. for Self-Gov't v. Wash. State Boundary Review Bd.*, 127 Wn.2d 759, 771, 903 P.2d 953 (1995)).

¶37 The parties do not argue that either CR 68 or RCW 49.48.030, the attorney fee statute under which Lietz sued, is ambiguous. Instead, Lietz argues that the trial court erred in failing to award him attorney fees under *Seaborn* and similar case law because Hansen's offer of judgment was silent on attorney fees and RCW 49.48.030 does not define attorney fees as costs. The trial court did not reach the merits of Lietz's attorney fee argument because it determined that the parties did not have a "meeting of the minds" and, thus, the CR 68 offer of judgment was invalid. VRP (May 14, 2010) at 15.

¶38 CR 68 provides, in relevant part:

> If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon *the court shall enter judgment.*

(Emphasis added.) The plain language of CR 68 states the court "shall" enter judgment upon notice of service and acceptance of an offer of judgment.

¶39 In addition, RCW 49.48.030, under which Lietz brought his attorney fee claim, states that the court "shall" award reasonable attorney fees to "any person" who is

"successful" in recovering a "judgment" for wages or salary.[33] As a matter of statutory interpretation, the word "shall" in a statute is presumptively imperative, and it imposes a mandatory requirement unless a contrary legislative intent is apparent. *State v. Krall*, 125 Wn.2d 146, 148, 881 P.2d 1040 (1994) (quoting *Erection Co. v. Dep't. of Labor & Indus.*, 121 Wn.2d 513, 518, 852 P.2d 288 (1993)). In determining the meaning of the word "shall," Washington courts have traditionally considered legislative intent as evidenced by all the terms and provisions of the act in relation to the subject of the legislation, the nature of the act, the general object to be accomplished, and the consequences that would result from construing the particular statute in one way or another. *Krall*, 125 Wn.2d at 148 (quoting *State v. Huntzinger*, 92 Wn.2d 128, 133, 594 P.2d 917 (1979)).

¶40 The legislature "evidenced a strong policy in favor of payment of wages due employees by enacting a comprehensive [statutory] scheme to ensure payment of wages," including the statute here, which provides both criminal and civil penalties. *Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 157, 961 P.2d 371 (1998) (referencing RCW 49.48.030). " '[A]ttorney fees are authorized under the remedial statutes to provide incentives for aggrieved employees to assert their statutory rights.' " *Int'l Ass'n of Fire Fighters, Local 46 v. City of Everett*, 146 Wn.2d 29, 35, 42 P.3d 1265 (2002) (alteration in original) (quoting *Hume v. Am. Disposal Co.*, 124 Wn.2d 656, 673, 880 P.2d 988 (1994)). According to the Washington Supreme Court, RCW 49.48.030 is a remedial statute that courts must construe broadly and liberally in

---

[33] RCW 49.48.030 provides:

In any action in which any person is successful in recovering judgment for wages or salary owed to him or her, reasonable attorney's fees, in an amount to be determined by the court, *shall be assessed against said employer or former employer*; PROVIDED, HOWEVER, That this section shall not apply if the amount of recovery is less than or equal to the amount admitted by the employer to be owing for said wages or salary.

(Emphasis added.)

favor of persons recovering unpaid wages. *Int'l Ass'n of Fire Fighters, Local 46*, 146 Wn.2d at 35.

¶41 Attorney fees are recoverable under RCW 49.48.030 for breach of an employment contract and for breach of labor contract.[34] Courts have construed the phrase "wages or salary" owed in RCW 49.48.030 to include back pay,[35] front pay,[36] sick leave reimbursement,[37] and commissions.[38] Given this broad construction and that RCW 49.48.030 is a remedial statute, which aims to deter employers from withholding wages, it appears that the legislature used the word "shall" to make mandatory the employer's payment of a successful wage-claiming employee's attorney fees: When "any person is successful in recovering judgment for wages or salary owed to him or her, reasonable attorney's fees . . . shall be assessed against said employer or former employer." RCW 49.48.030.

¶42 As we have already discussed, state and federal case law is clear that, where, as here, a CR 68 offer of judgment is silent on the issue of attorney fees, and the underlying statute does not define attorney fees as "costs," a trial court must award attorney fees in addition to the offer of judgment amount. *Seaborn*, 132 Wn. App. at 267. Because Hansen's offer of judgment was silent on the issue of attorney fees and RCW 49.48.030 does not define attorney fees as costs, Lietz was entitled to reasonable attorney fees in addition to the amount specified in Hansen's April 19, 2010 offer of judgment. We further hold that the word

---

[34] *Gaglidari v. Denny's Rests., Inc.*, 117 Wn.2d 426, 450, 815 P.2d 1362 (1991); *Kohn v. Ga.-Pac. Corp.*, 69 Wn. App. 709, 727-28, 850 P.2d 517 (1993); *Naches Valley Sch. Dist. No. JT3 v. Cruzen*, 54 Wn. App. 388, 399, 775 P.2d 960 (1989).

[35] *Gaglidari*, 117 Wn.2d at 449-50.

[36] *Hayes v. Trulock*, 51 Wn. App. 795, 802, 806, 755 P.2d 830 (1988) ("Front pay" compensates an employee for lost future earnings, representing the difference between what the employee would have earned from his former employer and the amount, if any, he may expect to earn from his new employer.).

[37] *Naches Valley*, 54 Wn. App. at 398-99.

[38] *Dautel v. Heritage Home Ctr., Inc.*, 89 Wn. App. 148, 153, 948 P.2d 397 (1997).

"shall" in CR 68 and RCW 49.48.030 imposes a mandatory requirement on the trial court, and we remand the case to the trial court for a determination of reasonable attorney fees in Lietz's favor.

## B. Appeal

¶43 Lietz also requests attorney fees on appeal, independent of his claim for attorney fees under *Seaborn* and the parties' CR 68 judgment. RAP 18.1 allows us to award reasonable attorney fees where, as here, a statute provides for such fees and the party requests the fees in his opening brief. RAP 18.1(a)-(b); *Dice v. City of Montesano*, 131 Wn. App. 675, 693, 128 P.3d 1253 (2006). RCW 49.48.030 grants attorney fees to an employee who is successful in a wages claim against his employer. *See also Dice*, 131 Wn. App. at 693 (employee entitled to attorney fees on appeal where he sued under RCW 49.48.030). Because employee Lietz prevails on appeal against his former employer, Hansen, he is entitled to attorney fees on appeal in an amount that our court commissioner will determine when Lietz complies with RAP 18.1.

¶44 We reverse the trial court's ruling on mutual assent and remand to the trial court to enter the CR 68 judgment offer and to award reasonable attorney fees to Lietz.

VAN DEREN and JOHANSON, JJ., concur.