IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| REED JASSMANN, | ) | |
| | ) | No. 74964-1-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| NORTHWEST INTERIORS & DESIGN, | ) | |
| LLC, a Washington limited liability | ) | |
| company; RANDY LEE OLIVER and | ) | |
| MARCIE OLIVER, husband and wife; | ) | UNPUBLISHED OPINION |
| and AMERICAN CONTRACTORS | ) | |
| INDEMNITY COMPANY, Bond | ) | FILED: March 27, 2017 |
| account no. 100238900, | ) | |
| | ) | |
| Respondents. | ) | |

BECKER, J. — Appellant contends the trial court should have awarded him the attorney fees he incurred in enforcing a settlement agreement with his former employer. Neither the settlement agreement nor statutes cited by the appellant authorize an award of attorney fees for enforcing an agreement in which the employee waived all claims and the employer admitted none of the allegations. We affirm.

Appellant Reed Jassmann sued his former employer, Northwest Interiors & Design LLC, along with its owners and its surety. Jassmann alleged that the company did not pay wages and commissions owed to him for work performed on construction projects in 2014.

The defendants denied Jassmann's claims. They alleged counterclaims against Jassmann for fraudulent misrepresentation and unjust enrichment. Trial was scheduled for October 19, 2015.

According to unchallenged findings of fact and conclusions of law, the parties reached a settlement on October 8, 2015. On that date, at 10:51 a.m., the defendants made an offer of settlement to Jassmann. The offer was for payment to Jassmann in the amount of $15,000, with the following terms: "agree to a settlement for $15k. The normal waiver of any and all claims, known or unknown, the parties enter into this to settle the dispute without admission to any allegations, payment in thirty days." About an hour later, at 11:59 a.m., Jassmann accepted the offer, stating "so the offer is accepted."

At 12:57 p.m., Jassmann sent a draft settlement agreement to the defendants. His draft included an attorney fee clause. A right to attorney fees was not a term that had previously been discussed, and it never became one of the terms of the agreement.

The defendants had second thoughts about how much time they wanted before they would make full payment of the settlement amount to Jassmann. At 3:31 p.m., they proposed to modify the payment term so their last payment to Jassmann would not occur until more than one year later. Jassmann did not accept the proposed modification. He responded by asking the defendants to "honor the deal."

The defendants did not pay in 30 days. They took the position that an enforceable settlement agreement did not exist because Jassmann had

countered their offer. Jassmann insisted that an agreement was formed upon his acceptance at 11:59 a.m., enforceable as a CR 2(a) agreement. He told them he expected the court would award him the attorney fees he would incur if he had to enforce it.

On October 21, 2015, Jassmann moved to enforce the settlement. The defendants opposed the motion. Litigation continued for several months. Jassmann continued to incur attorney fees, allegedly more than $13,000 by November 10, 2015, and more than $20,000 by February 11, 2016.

On February 9, 2016, the court resolved the dispute after an evidentiary hearing. The court concluded that an enforceable settlement agreement was formed by the parties at 11:59 a.m. on October 8, 2015, on the terms then stated: a settlement of $15,000 by November 9, 2015; without admission to any allegations; and the normal waiver of any and all claims.

Jassmann argued that he was entitled to an award of attorney fees under RCW 49.48.030 and RCW 49.46.090. The court concluded that neither party was entitled to attorney fees under the settlement agreement. The court reserved ruling on Jassmann's claim that he was entitled to an award of the attorney fees he incurred in litigating after the defendants repudiated the settlement they agreed to on October 8, 2015.

On March 14, 2016, the court entered a judgment of $15,000 plus $537.42 in interest against Northwest Interiors and its owners. The court crossed out those portions of Jassmann's proposed judgment that requested attorney fees and a judgment against the surety.

Jassmann appeals. He contends the trial court erred in denying his request for an award of the attorney fees he incurred in enforcing the settlement agreement after October 8, 2015.

Whether a contract or statute authorizes an award of attorney fees is a question of law reviewed de novo. McGuire v. Bates, 169 Wn.2d 185, 189, 234 P.3d 205 (2010). Washington generally follows the "American rule," where each party in a civil action pays its own attorney fees and costs. Cosmo. Eng'g Grp., Inc. v. Ondeo Degremont, Inc., 159 Wn.2d 292, 296, 149 P.3d 666 (2006). A party may recover attorney fees when authorized by statute, a recognized ground of equity, or agreement of the parties. Niccum v. Enquist, 175 Wn.2d 441, 446, 286 P.3d 966 (2012).

The terms of the settlement agreement did not provide for attorney fees. Jassmann contends that because his claims were for unpaid wages, he has a statutory entitlement to attorney fees under RCW 49.48.030, RCW 49.46.090, and RCW 49.52.070. An award of attorney fees under RCW 49.48.030, for example, requires that the employee "is successful in recovering judgment for wages or salary owed to him."

The problem with Jassmann's argument is that he did not recover a judgment for a wage claim for wages or salary owed to him. One of the terms of the settlement agreement was "normal waiver of any and all claims." Another was "without admission to any allegations."

Normal contract principles apply to the interpretation of a CR 2A settlement agreement. Morris v. Maks, 69 Wn. App. 865, 868-69, 850 P.2d

4

1357, review denied, 122 Wn.2d 1020 (1993); Condon v. Condon, 177 Wn.2d 150, 162, 298 P.3d 86 (2013). In Washington, the court determines the intent of the parties based on the objective manifestations of the agreement, rather than any unexpressed subjective intent of the parties. Condon, 177 Wn.2d at 162. It is the duty of the court to declare the meaning of what is written, and not what was intended to be written. Condon, 177 Wn.2d at 162.

The plain language of the settlement agreement stated that Jassmann waived all claims, including his wage claims—not that he prevailed on them. Jassmann's request to include an attorney fee clause as a term of the settlement did not become part of the agreement. The e-mails that formed the agreement did not objectively manifest the parties' intention that Jassmann would be entitled to attorney fees incurred in enforcing the agreement.

Parol evidence is not admitted for the purpose of showing intention independent of the instrument. Berg v. Hudesman, 115 Wn.2d 657, 669, 801 P.2d 222 (1990). Jassmann's complaint and his declaration are not admissible to show that the underlying dispute was a wage claim, as this would contradict the term of the agreement stating that his claims were waived. Nor are they admissible for the purpose of showing that the intent of the parties, separate from what is shown by the agreement, was to settle a wage claim.

Jassmann makes a belated argument that the defendants' offer of settlement should be treated like an offer of judgment. When a defendant makes an offer of judgment under CR 68 and does not expressly state that the offer includes attorney fees, a plaintiff may obtain an award of attorney fees in addition

to the amount offered in judgment if the relevant fee statute does not define attorney fees as costs. See, e.g., Lietz v. Hansen Law Offices, PSC, 166 Wn. App. 571, 271 P.3d 889 (2012). Because the outcome in such a case turns on the word "costs" in CR 68, we do not see the CR 68 cases as analogous. Instead, we rest our decision on the settlement language. It was agreed that Jassmann waived all claims and the defendants admitted none of his allegations. His claimed entitlement to an award of attorney fees did not survive that agreement. The trial court correctly refused Jassmann's request for an award of attorney fees.

Jassmann contends that the court should have entered a judgment against American Contractors Indemnity Company under RCW 18.27.040. This statute requires that a contractor file a bond issued by a surety to secure payment to persons "performing labor." RCW 18.27.040(1). Because Jassmann cannot establish that the judgment of $15,000 paid him for performing labor, the trial court correctly refused to enter a judgment against American Contractors Indemnity Company.

The defendants request attorney fees on appeal for having to defend against a frivolous appeal. Jassmann's appeal is not frivolous. The request is denied.

Affirmed.

_Becker, J._

WE CONCUR:

_Spearman, J._                    _Leach, J._