IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| TALINA JONES, an individual, | ) | No. 37614-1-III |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| TIM HATCHETT, an individual, and all those similarly situated, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WINDERMERE REAL ESTATE SERVICES CO., d.b.a. WINDERMERE SERVICES CO., a Washington corporation, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| WINDERMERE EQUITY BROKERS, d.b.a., Windermere Property Management, a Washington limited liability company, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| THOMAS FLANIGAN, an individual; TIMOTHY TODD, an individual; and each individual's marital community, | ) | |
| | ) | |
| Defendants. | ) | |

LAWRENCE-BERREY, J. — Tim Hatchett appeals the trial court's denial of his

request for class action certification and his attorney fees award. We dismiss his first

challenge as moot but reverse and remand for the trial court to reconsider its

determination of reasonable attorney fees rates.

FACTS

Talina Jones and Tim Hatchett filed suit against their former landlords, Windermere Real Estate Services Co. and Windermere Equity Brokers (collectively, Windermere). Jones and Hatchett asserted that Windermere systematically failed to provide timely, full, and final deposit dispositions and refunds due to them and other former tenants.

Hatchett, the putative class representative, sought class certification. Windermere objected on a number of bases, including that the trier of fact would be required to consider the merits of its defense for many of the class members, i.e., that circumstances beyond its control prevented it from complying with the statutory deadline for returning deposits. The trial court denied class certification, finding that questions of law and fact were not common to members of the putative class and do not predominate over questions affecting only individual members.

Windermere subsequently made separate CR 68 offers of judgment to each of the former tenants. The CR 68 offer made to Hatchet stated Windermere offered "to allow judgment to be taken against [it] . . . *in the above-entitled cause* for the amount of $2,000.00, as well as reasonable attorney's fees and costs, to be determined by the Court."

Clerks Papers (CP) at 780 (emphasis added). The offer made to Jones was identical, except it offered $5,500.00. Jones and Hatchett accepted the offers. They then moved for entry of judgment and an award of reasonable attorney fees and costs. In their declarations, the former tenants' attorneys noted that they represented the former tenants on a contingency basis.

The trial court issued a thorough written ruling in which it calculated the fee award. It first determined reasonable attorney fees by considering the reasonable hourly rates of the three attorneys for the former tenants, it then determined the reasonable number of hours expended by reducing duplicative time, and it then discounted the time spent on unsuccessful claims.

With respect to the first component, reasonable hourly rates, the trial court discounted the requested rates of the former tenants' three attorneys from $400/$325/$325 to $300/$300/$275. In doing so, the trial court noted that the hourly rates of comparable attorneys at defense counsel's firm were between $250 and $300. The trial court did not recognize that the rates of the former tenants' three attorneys may have been higher than the comparable attorneys at defense counsel's firm because payment to the former attorneys was contingent on a recovery.

Hatchett, but not Jones, appealed.

3

No. 37614-1-III
*Jones v. Windermere Real Estate Co.*

ANALYSIS

A. CLASS CERTIFICATION

Hatchett argues the trial court erred in denying class certification. Windermere responds that the class certification issue is moot because Hatchett settled that claim. Hatchett asserts that Windermere's CR 68 offer of judgment was not sufficiently clear to settle that claim. We disagree.

An appeal is moot if it presents "purely academic issues" and it is not possible for the court to provide any effective relief. *Klickitat County Citizens Against Imported Waste v. Klickitat County*, 122 Wn.2d 619, 631, 860 P.2d 390, 866 P.2d 1256 (1993). Here, we cannot provide Hatchett any relief if he has settled his class certification claim.

*The offer was clear*

Issues involving the construction of a CR 68 offer of judgment are reviewed de novo. *Lietz v. Hansen Law Offices, PCS*, 166 Wn. App. 571, 580, 271 P.3d 899 (2012). Courts construe ambiguities in the offer of judgment against the drafter. *Id.* at 580-81.

We see no ambiguity to construe. Windermere offered to settle "the above-entitled cause" for a sum certain plus reasonable attorney fees and costs to be determined by the court. CP at 780. The definition of "cause" includes "a legal process (as a suit or action in court) by which a party endeavors to obtain his claim or what he regards as his right."

4

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 356 (1993). Hatchett's court action included a claim for class certification. That claim therefore was settled. Even Hatchett's attorneys knew the claim for class certification was settled as shown by their request for fees related to that claim. If they thought to the contrary, they would have delayed their request for those fees until that claim was resolved.

Hatchett argues that a class representative's acceptance of a CR 68 offer of judgment does not extinguish that person's right to appeal a denial of class certification unless the CR 68 offer explicitly says so. In support of his argument he cites *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012). *Evon* does not stand for that broad principle.

In *Evon*, the defendants' CR 68 offer of judgment stated in relevant part: "'[Defendants] hereby offer to allow judgment to be taken against [them] . . . [and] do not concede or admit that Plaintiff has a right to appeal any prior ruling of this Court if she accepts this offer.'" *Id.* at 1021-22. The *Evon* court first observed that ambiguous offers of judgment must be construed against the drafter. *Id.* at 1022. It next compared the original CR 68 offer, which explicitly barred an appeal of the certification issue, with the accepted CR 68 offer, which was not explicit. *Id.* at 1021-23. These two considerations persuaded the *Evon* court to conclude that the class representative's

settlement of her personal claim did not foreclose her appeal of the denial of class

certification. *Id.* at 1023.

Unlike *Evon*, here there was only one CR 68 offer. That offer was clear and it

settled "the above-entitled cause," i.e., Hatchett's court action.

In his reply brief, Hatchett asserts that he "has a personal stake in the potential

award of tens of thousands of dollars in additional attorney's fees." Reply Br. of

Appellant at 9. We are unclear what Hatchett is arguing here. To the extent he is arguing

that he is entitled to appeal the trial court's attorney fee award, we agree.

As mentioned previously, we must construe a CR 68 offer of judgment against the

drafter. Here, the offer included reasonable attorney fees "to be determined by the

Court." CP at 780. The offer could have qualified which court by saying "trial" or

"superior." It did not. It is unclear whether the offer precluded either side from

appealing an attorney fee award. Construing the offer against the drafter, Windermere,

we conclude that Hatchett may appeal his attorney fee award.

B.      REASONABLE ATTORNEY FEES

Hatchett contends the trial court erred by reducing his requested attorney fees

(1) by not considering the contingent nature of the representation and (2) by reducing the

recoverable hours by the time spent on the class certification claim. We agree with his

first argument but disagree with his second.

"Fee decisions are entrusted to the discretion of the trial court . . . ." *Mahler v.

Szucs*, 135 Wn.2d 398, 435, 957 P.2d 632 (1998). "The reasonableness of an award of

attorneys' fees is reviewed by an appellate court on an abuse of discretion standard."

*Rettkowski v. Dep't of Ecology*, 128 Wn.2d 508, 519, 910 P.2d 462 (1996). "Discretion is

abused when the trial court exercises it on untenable grounds or for untenable reasons."

*Berryman v. Metcalf*, 177 Wn. App. 644, 657, 312 P.3d 745 (2013). "The burden of

demonstrating that a fee is reasonable is upon the fee applicant." *Id.*

Washington courts apply the lodestar method for determining reasonable attorney

fees by determining a reasonable hourly rate and multiplying it by the reasonable number

of hours expended. *See Mahler*, 135 Wn.2d at 433-35. Factors set forth in RPC 1.5(a)

may be used as a guideline for determining reasonable attorney fees. *Allard v. First

Interstate Bank of Wash., N.A.*, 112 Wn.2d 145, 150, 768 P.2d 998, 773 P.2d 420 (1989).

*Reasonable hourly rates*

RPC 1.5(a)(8) allows for an hourly rate adjustment based on whether the fee is

fixed or contingent. In *Bowers v. Transamerica Title Insurance Co.*, 100 Wn.2d 581,

598-99, 675 P.2d 193 (1983), the court explained the purpose for such an adjustment:

7

> In adjusting the lodestar to account for this risk factor, the trial court must assess the likelihood of success at the outset of the litigation. This is necessarily an imprecise calculation and must largely be a matter of the trial court's discretion. Nevertheless, certain guiding principles should be followed. Most important, "the contingency adjustment is designed solely to compensate for the possibility . . . that the litigation would be unsuccessful and that no fee would be obtained". *Copeland v. Marshall*, 641 F.2d [880, ] 893 [(D.C. Cir. 1980)]. . . . *Moreover, to the extent, if any, that the hourly rate underlying the lodestar fee comprehends an allowance for the contingent nature of the availability of fees, no further adjustment duplicating that allowance should be made.*

(Emphasis added) (alteration in original). The italicized phrase makes two things clear. First, an attorney taking a case for a contingent fee may charge a higher hourly rate to compensate for the risk of not being paid than an attorney with comparable experience who is not taking the same risk. Second, if the attorney's rate reflects the contingent nature of recovery, no further adjustment should be made.

Here, the trial court reduced the rates charged by the former tenants' attorneys to the rates charged by attorneys with comparable experience but paid on an hourly basis, win or lose. In so doing, the court failed to recognize that the rates of the former tenants' attorneys were justifiably higher to reflect the contingent

8

No. 37614-1-III
*Jones v. Windermere Real Estate Co.*

nature of recovery. We remand for the trial court to consider this and the above-quoted language from *Bowers*.[1]

*Reasonable number of hours*

In determining this component, a court should discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time. *Bowers*, 100 Wn.2d at 597; *Ewing v. Glogowski*, 198 Wn. App. 515, 521, 394 P.3d 418 (2017). Here, the trial court meticulously and properly computed the reasonable number of hours.

Reversed and remanded to reconsider reasonable attorney fee rates.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Pennell, C.J.                                                      Staab, J.

_____

[1] We note that the trial court denied Hatchett's request to increase his fee award by applying a multiplier to his rate. He has not argued this decision was an abuse of discretion.

9