[No. 60463-5-I.    Division One.    December 15, 2008.]

JULIANNE MCGUIRE, *Respondent*, v. ROBERT BATES ET AL., *Appellants*.

752

*Rolf G. Beckhusen, Jr.*, for appellants.

*Joseph T. Pemberton, Jr.* (of *Pemberton & Hoogestraat, PS*), for respondent.

¶1 GROSSE, J. — Attorney fees are not included in an offer to settle all claims made under a statutory scheme that defines those attorney fees as "costs." Thus, the plaintiff's acceptance of such an offer does not preclude her from recovering attorney fees pursuant to another statute. The trial court is affirmed.

## FACTS

¶2 In May 2005, Julianne McGuire hired Robert Bates of B&H Construction Services, Inc., to remodel her kitchen. Bates completed the work in September 2005. A few months thereafter, McGuire noticed water stains and other problems resulting from the remodel. McGuire reported the defects to Bates, who denied any responsibility after inspecting the property. McGuire hired another contractor who repaired the defects for $2,166.

¶3 McGuire first tried to proceed pro se to recover the cost of repair, filing a complaint on March 14, 2006.

McGuire subsequently hired an attorney, who filed an amended complaint in June 2006. After McGuire filed for entry of a default judgment, Bates finally filed an answer in which he denied all allegations. Discovery ensued.

¶4 On January 5, 2007, the matter was transferred to mandatory arbitration by stipulation. On February 22, 13 days before the scheduled arbitration, Bates offered in writing to settle "all claims" for $2,180 pursuant to RCW 4.84.250-.280. McGuire accepted. McGuire then moved for attorney fees, claiming she was entitled to such an award as the prevailing party under RCW 18.27.040. The arbitrator denied the motion, ruling that the parties' agreement to settle "all claims" necessarily included attorney fees.

¶5 McGuire sought a trial de novo in superior court on the arbitrator's denial of attorney fees. The trial court ruled in favor of McGuire, ordering entry of a judgment in the amount of $2,180.00, prejudgment interest of $348.17, costs of suit of $470.00, and attorney fees totaling $6,269.40. Bates appeals.

## ANALYSIS

¶6 Bates made an offer to settle the case and McGuire accepted. The offer stated:

> COMES NOW the Defendants Robert Bates and B&H Construction Services, Inc. and makes the following offer in settlement of all claims between the parties:
>
> Pursuant to RCW 4.84.250-.280, we offer to pay Plaintiff the sum of $2,180.00, in settlement of all claims against the Defendants. Said offer is open to acceptance for ten (10) days from the date hereof; if not accepted it shall be withdrawn.

¶7 The question before us is whether or not Bates' offer to settle "all claims" "[p]ursuant to RCW 4.84.250-.280" included attorney fees. We hold that it does not.

¶8 RCW 4.84.250 provides for an award of attorney fees to a prevailing party in matters where the amount in controversy is less than $10,000:

> [I]n any action for damages where the amount pleaded by the prevailing party . . . exclusive of costs, is [ten thousand] dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees.[1]

Clearly the language shows that the legislature intended attorney fees be recovered as costs rather than as damages. The reference to the amount pleaded in RCW 4.84.250 includes only a plaintiff's basic claim for damages.[2] An offer made pursuant to this statute is necessarily defined by the language contained in the statute. Since attorney fees are defined as costs, the use of the term "claim" refers only to McGuire's claim for damages.

■■■ ¶9 Settlement offers made pursuant to chapter 4.84 RCW are analogous to CR 68 offers of judgment.[3] CR 68 permits a defendant to extend one or more offers of a judgment to the plaintiff. Similar to chapter 4.84 RCW, the rule is designed to encourage early settlements and avoid protracted litigation by penalizing a plaintiff who rejects a reasonable offer. Under CR 68, an offer of judgment that

---

[1] "Attorneys' fees as costs in damage actions of ten thousand dollars or less — Allowed to prevailing party." RCW 4.84.250 (boldface omitted).

[2] *Mackey v. Am. Fashion Inst. Corp.*, 60 Wn. App. 426, 431-32, 804 P.2d 642 (1991).

[3] CR 68 provides the following:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

does not specify whether attorney fees are included does not necessarily preclude a plaintiff from subsequently requesting judgment for both the offer *and* attorney fees.

¶10 In *Seaborn Pile Driving Co. v. Glew*, this court held that where a CR 68 offer of judgment was silent regarding attorney fees and the underlying statute or contract did not define attorney fees as part of the costs, the plaintiff was not barred from seeking an award of attorney fees in addition to the amount of the offer.[4]

¶11 And further, as noted by the Ninth Circuit in *Nusom v. Comh Woodburn, Inc.*, "a waiver or limitation on attorney fees must be clear and unambiguous."[5] In *Nusom,* the Ninth Circuit held that an offeree may seek attorney fees by separate motion where the underlying statute does not define "attorney fees" as part of costs and the offer fails to specify that attorney fees are included. Thus, under both federal and state case law, an offer which does not specifically set forth inclusion of costs or attorney fees is subject to those additional fees where, as here, the applicable statute so provides.

*Prevailing Party*

¶12 Bates next argues that even if the settlement offer did not bar McGuire's later claim for attorney fees, costs, and interest, McGuire is estopped from seeking attorney fees because she is not the prevailing party because there was no judgment entered.

¶13 The purpose of an award of damages under RCW 18.27.040(6) is to protect the public from "unreliable, fraudulent, financially irresponsible, or incompetent contractors."[6] Here, McGuire requested fees under RCW 18.27-.040(6), which provides:

The *prevailing party in an action* filed under this section against the contractor and contractor's bond or deposit, for

---

[4] 132 Wn. App. 261, 272, 131 P.3d 910 (2006).

[5] 122 F.3d 830, 832 (9th Cir. 1997).

[6] RCW 18.27.140.

breach of contract by a party to the construction contract involving a residential homeowner, is entitled to costs, interest, and reasonable attorneys' fees. The surety upon the bond or deposit is not liable in an aggregate amount in excess of the amount named in the bond or deposit nor for any monetary penalty assessed pursuant to this chapter for an infraction.[7]

¶14 The language of this statutory provision refers only to an action and not to a judgment. We will not impose a more restrictive term than the statute contains. We agree with the trial court that McGuire became a prevailing party when she accepted Bates' offer to settle. As this court held in *Allahyari v. Carter Subaru*, a defendant is a prevailing party under RCW 4.84.270 "regardless of whether [a] voluntary dismissal constitutes a final judgment."[8]

> "The reason that an order of voluntary dismissal is not a final judgment is for the protection of plaintiffs by allowing the litigation to continue under certain circumstances. It is not for the purpose of precluding attorney fees to a defendant who has 'prevailed' as things stand at that point."[9]

We believe a similar approach should apply. Moreover, such an approach will both promote settlement and discourage shoddy work by contractors, both clear legislative mandates.

¶15 Because the statute awards attorney fees and McGuire is the prevailing party on appeal, she is entitled to attorney fees here.[10]

¶16 The trial court is affirmed.

SCHINDLER, C.J., and DWYER, J., concur.

Review granted at 166 Wn.2d 1006 (2009).

---

[7] (Emphasis added.)

[8] 78 Wn. App. 518, 524, 897 P.2d 413 (1995).

[9] *Allahyari*, 78 Wn. App. at 522-23 (quoting *Walji v. Candyco, Inc.*, 57 Wn. App. 284, 289, 787 P.2d 946 (1990)).

[10] RAP 18.1.