[No. 82659-5. En Banc.]
Argued January 28, 2010.     Decided July 1, 2010.

JULIANNE McGUIRE, *Respondent*, v. ROBERT BATES ET AL., *Petitioners*.

*Philip J. Buri* (of *Buri Funston Mumford PLLC*) and *Rolf G. Beckhusen Jr.*, for petitioners.

*James S. Hoogestraat* (of *Pemberton & Hoogestraat PS*), for respondent.

¶1 ALEXANDER, J. — This case presents the question of whether an offer to settle "all claims" for $2,180.00, "[p]ursuant to RCW 4.84.250-[.]280," included the plaintiff's claim for attorney fees. Clerk's Papers (CP) at 37. The Court of Appeals determined that the defendants' settlement offer, which was accepted by the plaintiff, did not include attorney fees. It, therefore, affirmed the superior court's entry of judgment for the plaintiff in the amount of $2,180.00, together with an attorney fee award of $6,269.40. *McGuire v. Bates*, 147 Wn. App. 751, 198 P.3d 1038 (2008), *review granted*, 166 Wn.2d 1006, 208 P.3d 1124 (2009); CP at 7. We reverse the Court of Appeals, holding that it erred in determining that the offer to settle "all claims" did not include the plaintiff's claim for attorney fees.

I

¶2 Julianne McGuire contracted with Robert Bates to remodel her kitchen. After Bates completed the work, McGuire discovered defects in the construction. Because Bates refused a demand to repair the defects, McGuire hired another company to make the necessary repairs. She claimed that the repairs cost her $2,166.

¶3 McGuire then filed a lawsuit against Bates in Whatcom County Superior Court, seeking recovery of the cost of

repairs. She included in her complaint a claim for attorney fees pursuant to RCW 18.27.040(6), a statute that allows recovery of attorney fees by the "prevailing party" on an action on a contractor's bond. CP at 84.[1] The superior court transferred the case to arbitration. While an arbitration hearing was pending, Bates made three offers of settlement. McGuire accepted the third offer to settle "all claims" for $2,180, "[p]ursuant to RCW 4.84.250-[.]280." *Id.* at 37. Despite the settlement, McGuire submitted a request to the arbitrator for attorney fees pursuant to RCW 18.27.040(6). The arbitrator denied the request, concluding that McGuire was not entitled to attorney fees on the basis that all claims, including her request for attorney fees, were settled by the offer that McGuire had accepted. *McGuire*, 147 Wn. App. at 754.

¶4 McGuire then filed a request for trial de novo in Whatcom County Superior Court. McGuire also filed a motion in that court for "entry of judgment and an award of attorneys fees and costs . . . pursuant to RCW 18.27.040(6)." CP at 90. The superior court concluded that McGuire, "being the prevailing party, is entitled to her attorney's fees, costs, and prejudgment interest, as set forth in RCW 18.27.0[40(6)]." *Id.* at 11. Consequently, it entered judgment for the settlement amount of $2,180.00, attorney fees in the amount of $6,269.40, costs of $470.00, and $348.17 in prejudgment interest.

¶5 Bates appealed the superior court's decision to the Court of Appeals, which affirmed. *McGuire*, 147 Wn. App. at 757. We thereafter granted Bates' petition for review.

II

¶6 This court interprets settlement agreements in the same way it interprets other contracts. *Mut. of*

---

[1] RCW 18.27.040(6) provides in part as follows: "The prevailing party in an action filed under this section against the contractor and contractor's bond or deposit, for breach of contract by a party to the construction contract involving a residential homeowner, is entitled to costs, interest, and reasonable attorneys' fees."

*Enumclaw Ins. Co. v. USF Ins. Co.*, 164 Wn.2d 411, 424 n.9, 191 P.3d 866 (2008). In doing so, we attempt to determine the intent of the parties by focusing on their objective manifestations as expressed in the agreement. *See Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 503, 115 P.3d 262 (2005). The subjective intent of the parties is generally irrelevant if we can impute an intention corresponding to the reasonable meaning of the actual words used. *Id.* at 503-04. Whether a contract or statute authorizes an award of attorney fees is a question of law reviewed de novo. *Torgerson v. One Lincoln Tower, LLC*, 166 Wn.2d 510, 517, 210 P.3d 318 (2009).

▪ ¶7 The principal question posed to us is whether the offer to settle "all claims" "pursuant to RCW 4.84.250-.280" included attorney fees. As noted above, the Court of Appeals affirmed the superior court's decision that the settlement offer did not include attorney fees and that McGuire was, therefore, entitled to an award of fees as the "prevailing party" under the provisions of RCW 18.27.040(6). In reaching its decision, the Court of Appeals relied on *Seaborn Pile Driving Co. v. Glew*, 132 Wn. App. 261, 131 P.3d 910 (2006), analogizing the defendant's settlement offer to a CR 68 offer of judgment that is silent on attorney fees. *McGuire*, 147 Wn. App. at 756. In *Seaborn*, Division One of the Court of Appeals said that when an offer of judgment pursuant to CR 68[2] is silent on attorney fees and the contract or statute underlying the offer defines attorney fees as costs, the offer is construed to include attorney fees. *Seaborn*, 132 Wn. App. at 267. Here the Court of Appeals concluded that the language in RCW 4.84.250 "[c]learly . . . shows that the legislature intended attorney fees be recovered as costs rather than as damages." *McGuire*, 147 Wn. App. at 755. Indeed, RCW 4.84.250 does provide in part that

---

[2] CR 68 provides in part as follows: "At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."

in any action for damages where the amount pleaded by the prevailing party . . . exclusive of costs, is [10 thousand] dollars or less, there shall be taxed and allowed to the prevailing party *as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees.*

(Emphasis added.) However, the Court of Appeals misapplied *Seaborn* in the instant case when it analogized Bates' settlement offer to an offer of judgment that is silent on attorney fees under CR 68.[3] We say that because the settlement offer that was accepted by McGuire settled "all claims" and one of the claims was for attorney fees. The settlement offer, thus, was not silent regarding attorney fees.

¶8 Indeed, McGuire's claim for attorney fees was ubiquitous. It was set forth in her complaint at the superior court and was based on the attorney fee provision in RCW 18.27.040(6). At the arbitration hearing, she again asserted her claim for fees and tied it to the same statutory provision. Finally, McGuire's request in the superior court for entry of judgment and for attorney fees and costs was based on RCW 18.27.040(6). Significantly, that court awarded attorney fees to McGuire under that statute and the Court of Appeals affirmed the fee award pursuant to it as well. CP at 11; *McGuire*, 147 Wn. App. at 756-57.

¶9 The plain fact is that Bates and McGuire agreed to settle all claims that McGuire had against Bates for the sum of $2,180. There is only one reasonable meaning that can be ascribed to the words in their agreement to settle "all claims" "pursuant to RCW 4.84.250-.280." That meaning, we believe, is that all claims encompasses all claims,

---

[3] The Court of Appeals also misinterpreted *Seaborn* when it stated that "where a CR 68 offer of judgment was silent regarding attorney fees and the underlying statute or contract did not define attorney fees as part of the costs, *the plaintiff was not barred from seeking an award of attorney fees in addition to the amount of the offer." McGuire*, 147 Wn. App. at 756 (emphasis added). As noted above, *Seaborn* stands for the proposition that an offer is construed to include attorney fees if the underlying statute or contract defines attorney fees as costs. *Seaborn*, 132 Wn. App. at 267. It does not stand for the proposition that a plaintiff "is not barred" from seeking additional attorney fees if the underlying statute or contract defines attorney fees as costs.

including claims for attorney fees. In sum, the objective manifestations of the parties plainly show that they intended to settle all claims, including attorney fees. *See Hearst Commc'ns*, 154 Wn.2d at 503 ("Washington continues to follow the objective manifestation theory of contracts. Under this approach, we attempt to determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties."). McGuire's settlement of "all claims," thus, precludes her from asserting an additional claim for attorney fees pursuant to RCW 18.27.040(6).

¶10 McGuire makes the additional but related argument that because she accepted Bates' settlement offer, she is the prevailing party under RCW 18.27.040(6). Bates responds that his offer to settle "all claims" with McGuire included McGuire's claim for attorney fees and that McGuire is not entitled to prevailing party status merely on the basis that she accepted Bates' offer to settle.[4] Arguably, there is merit to Bates' claim that a positive *settlement* for a plaintiff does not necessarily mean that a plaintiff prevailed, but we need not reach that issue because, as we have determined above, the parties settled "all claims," including McGuire's claim for attorney fees under RCW 18.27.040(6), and neither is entitled to attorney fees. McGuire also requests attorney fees on appeal under RAP 18.1, but as she is not the prevailing party on appeal, she is not entitled to attorney fees.

---

[4] Bates argues, additionally, that CR 68 provides the correct rule for attorney fees under settlement agreements entered into pursuant to chapter 4.84 RCW. We do not reach this argument because we determine that the settlement agreement clearly settled all claims, including those for attorney fees.

## III

¶11 We reverse the Court of Appeals and hold that the offer to settle "all claims" "pursuant to RCW 4.84.250-.280" included attorney fees.

MADSEN, C.J., and C. JOHNSON, SANDERS, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ., concur.