[No. 67879-5-I.   Division One.   February 19, 2013.]

WASHINGTON GREENSVIEW APARTMENT ASSOCIATES, *Appellant*, v.
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ET AL.,
*Respondents*.

664

*Todd C. Hayes* and *Gregory L. Harper* (of *Harper Hayes PLLC*), for appellant.

*James T. Derrig* (of *James T. Derrig Attorney at Law PLLC*); *John A. Bennett*; and *Sean W. Carney* (of *Parsons Farnell & Grein LLP*), for respondents.

¶1 DWYER, J. — Where a Civil Rule (CR) 68 offer of judgment, accepted by the offeree, does not indicate whether an award of attorney fees is included in the offer, and where the underlying authority for such an award does not define "attorney fees" as "costs," the offeree is entitled to an award of attorney fees in addition to the judgment amount specified in the offer of judgment. Because CR 68 imposes upon offerees risks not imposed by private settlement offers, any ambiguity in the offer of judgment is construed against the offeror. Thus, in order to preclude an award of attorney fees in addition to the judgment amount, the offer of judgment must unambiguously indicate that the offer amount includes attorney fees.

¶2 Here, Travelers Property Casualty Company of America and Travelers Excess and Surplus Lines Company (collectively Travelers) served an offer of judgment, pursuant to CR 68, on Washington Greensview Apartment Associates (Greensview). Because the offer of judgment did not unambiguously indicate whether attorney fees were included within the offer amount, the offer did not preclude Greensview from recovering an award of attorney fees in addition to having judgment entered in the confessed amount. With regard to Greensview's insurance coverage claim, an attorney fee award is authorized by our Supreme

Court's decision in *Olympic Steamship*,[1] which does not define attorney fees as costs. Accordingly, the trial court erred by denying Greensview's request for an award of attorney fees in addition to the amount of the judgment entered pursuant to Travelers' offer of judgment.

I

¶3 In January 2010, Greensview, the owner of a multi-building apartment complex in Everett, filed a lawsuit against Travelers, which had previously issued property insurance to Greensview.[2] Greensview alleged that, in the summer of 2008, it discovered severe decay in its buildings that substantially impaired their structural integrity and that this decay had commenced while its Travelers insurance policies were in force. Greensview further alleged that, when it notified Travelers of the damage and requested that Travelers investigate and provide the coverage afforded by its policies, Travelers neglected to respond. Greensview filed a claim for declaratory relief, seeking a declaration that the Travelers policies provided coverage for the property damage. In addition, Greensview sought monetary damages for (1) breach of an insurance contract; (2) negligence in handling Greensview's claim for benefits; and (3) violations of Washington's unfair claims settlement practices regulation (chapter 284-30 WAC), violations of Washington's Consumer Protection Act (CPA) (chapter 19.86 RCW), and bad faith.

¶4 On May 23, 2011, the trial court granted Greensview's motion for partial summary judgment regarding standing and the alleged violations of our state's unfair claims settlement practices regulation and the CPA. The trial court determined that Travelers had violated various

---

[1] *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 52-53, 811 P.2d 673 (1991).

[2] Greensview also listed as defendants National Surety Corporation and The American Insurance Company. Neither is a party to this appeal.

sections of the regulations and, as a result, had committed per se violations of the CPA. Proximate cause and damages remained to be determined at trial. Moreover, the summary judgment order did not address Greensview's claim that its Travelers insurance policies provided coverage for the alleged damage. Thus, the order did not resolve all claims pending before the court.

¶5 Then, on October 11, 2011, Travelers served Greensview with a CR 68 offer of judgment.[3] The offer of judgment stated:

> Pursuant to CR 68, defendants Travelers Property Casualty Company of America and Travelers Indemnity Company of Illinois offer to have judgment entered against the two of them for a total judgment amount of $30,000 plus costs then accrued. This means a single $30,000 payment on behalf of both defendants, not two $30,000 payments. The term "costs" is defined in the same manner as in RCW 4.84.010.[4]

Greensview accepted Travelers' offer of judgment on October 21, 2011.

¶6 Greensview thereafter filed a motion for entry of judgment and for an award of attorney fees against the Travelers defendants. Pursuant to the offer of judgment,

---

[3] CR 68 provides, in pertinent part:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall enter judgment.

[4] RCW 4.84.010 provides, in pertinent part:

The measure and mode of compensation of attorneys and counselors, shall be left to the agreement, expressed or implied, of the parties, but there shall be allowed to the prevailing party upon the judgment certain sums for the prevailing party's expenses in the action, which allowances are termed costs, including, in addition to costs otherwise authorized by law, the following expenses:

. . . .

(6) Statutory attorney and witness fees . . . .

Greensview sought a judgment against Travelers in the amount of $30,000.00 in damages and $440.00 in costs. Additionally, Greensview requested a separate award of $192,408.39 in attorney fees. Greensview contended that because the offer of judgment did not mention attorney fees, and because the authority for the award of attorney fees did not define such fees as "costs," Greensview was entitled to an award of attorney fees in addition to the judgment amount specified in the offer of judgment.

¶7 On November 7, 2011, the trial court granted in part and denied in part Greensview's motion.[5] Based upon the offer of judgment, the court entered judgment against Travelers in the amount of $30,000 and awarded to Greensview costs in the amount of $440. However, the trial court denied Greensview's motion for an award of attorney fees.

¶8 Greensview appeals.

II

¶9 Greensview contends that it was entitled to an award of attorney fees because the offer of judgment did not unambiguously indicate whether such fees were included in the offer and because the authority for such an award does not define attorney fees as costs. Accordingly, Greensview asserts that the trial court erred by denying its motion for an award of attorney fees. We agree.

¶10 Where a CR 68 offer of judgment is served upon an offeree, and the offeree thereafter accepts the offer, judgment, as set forth in the offer, is to be entered by the trial court. CR 68 ("If within 10 days after the service of the offer the adverse party serves written notice that the offer

---

[5] The court determined that no just reason existed for delaying entry of final judgment against Travelers, notwithstanding the fact that Greensview's claims against the other insurance company defendants were still pending, as those claims involved only insurance policies not issued by Travelers and conduct not involving Travelers.

is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall enter judgment."). By virtue of the entry of judgment, the offeree becomes the prevailing party as to all claims pending at the time of the offer. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 363, 101 S. Ct. 1146, 67 L. Ed. 2d 287 (1981) (Powell, J., concurring) ("A Rule 68 offer of judgment is a proposal of settlement that, by definition, stipulates that the plaintiff shall be treated as the prevailing party."); *accord Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop, Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002); *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999); *Webb v. James*, 147 F.3d 617, 623 (7th Cir. 1998); *Lyte v. Sara Lee Corp.*, 950 F.2d 101, 102 (2d Cir. 1991); *Baird v. Boies, Schiller & Flexner LLP*, 219 F. Supp. 2d 510, 522 n.9 (S.D.N.Y. 2002). A prevailing party may be entitled to an award of attorney fees where such an award is authorized by statute, contract, or a recognized ground of equity. *Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc.*, 168 Wn. App. 86, 97, 285 P.3d 70, *review denied*, 175 Wn.2d 1015 (2012). In the context of a CR 68 offer of judgment, whether the offeree, as the prevailing party, may be entitled to such an award—or, conversely, whether the offer of judgment precludes such an award—depends upon the language set forth in the offer of judgment itself.

■ ¶11 We review de novo issues involving construction of CR 68 offers of judgment; we review "for clear error disputed factual findings concerning the circumstances under which the defendant made the offer." *Lietz v. Hansen Law Offices, PSC*, 166 Wn. App. 571, 580, 271 P.3d 899 (2012) (citing *Seaborn Pile Driving Co. v. Glew*, 132 Wn. App. 261, 266, 131 P.3d 910 (2006)). Here, the parties dispute whether Travelers' offer of judgment addressed attorney fees, such that those fees were included in the offer amount. Because this issue involves construction of the offer of judgment, our review is de novo.

■ ¶12 CR 68 provides a means by which litigating parties may settle and have judgment entered upon a pending claim. It provides, in part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall enter judgment.

CR 68. A CR 68 offer of judgment, however, is not a private settlement agreement; rather, in order to encourage settlement, the rule confers upon offerors certain "tactical advantages" and, unlike a private settlement agreement, has implications for the offeree whether accepted or rejected:

> By choosing to couch their settlement offer in terms of a Rule 68(a) offer of judgment, Appellants availed themselves of the tactical advantages not available to the offeror of an ordinary settlement offer—namely, the ability to eliminate liability for any post-offer attorney's fees and costs in the event of a less favorable judgment after trial. A Rule 68(a) offeree is in a difficult position because the rule has a "binding effect when refused as well as when accepted."

*Bosley v. Mineral County Comm'n*, 650 F.3d 408, 414 (4th Cir. 2011) (citation omitted) (quoting *Webb*, 147 F.3d at 621);[6] *see* CR 68 ("If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.").

■ ¶13 Courts construe CR 68 offers of judgment accordingly. "Because of the difficulty of the choice that an offer of judgment requires a claimant to make, it is essential that

---

[6] Because Federal Rule of Civil Procedure 68(a) is "virtually identical" to CR 68, we may look to federal interpretations of that rule in interpreting CR 68. *Lietz*, 166 Wn. App. at 580.

he be able to discern with certainty what the precise terms of that offer are." *Said v. Va. Commonwealth Univ./Med. Coll. of Va.*, 130 F.R.D. 60, 63 (E.D. Va. 1990). An offeree served with a CR 68 offer of judgment "does not have the luxury of refusing the offer to assure that she has not bound herself to any terms that may later become unfavorable." *Bosley*, 650 F.3d at 414. Thus, the offeree "is entitled to construe the offer's terms strictly, and courts should be reluctant to allow the offeror's extrinsic evidence to affect that construction." *Said*, 130 F.R.D. at 63.

¶14 Accordingly, we have held that, where a CR 68 offer of judgment does not unambiguously indicate that the offer amount includes attorney fees, the offer does not preclude an award of such fees in addition to the judgment amount specified in the offer. *Seaborn*, 132 Wn. App. at 267, 272; *see also Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 834 (9th Cir. 1997) (holding that "it is incumbent on the defendant making a Rule 68 offer to state clearly that attorney fees are included as part of the total sum for which judgment may be entered if the defendant wishes to avoid exposure to attorney fees in addition to the sum offered plus costs"); *accord Lietz*, 166 Wn. App. at 581-82. Rather, where an offer of judgment is "silent on the issue of attorney fees," we determine whether the offeree is entitled to an award of fees by looking to the underlying authority for such an award. *Seaborn*, 132 Wn. App. at 267.[7] An offer of judgment, notwithstanding its silence with regard to attorney fees, is inclusive of fees if the underlying authority defines attorney fees as part of costs. *Seaborn*, 132 Wn. App. at 267 (citing *Marek v. Chesny*, 473 U.S. 1, 9, 105 S. Ct. 3012, 87 L.

---

[7] *Seaborn* specifically states that, in determining whether the offeree is entitled to an award of attorney fees, we "look to the underlying statute or contract provision" authorizing such an award. 132 Wn. App. at 267. However, the American rule in awarding attorney fees permits such fees to be awarded when authorized by contract, statute, or a "recognized ground of equity providing for fee recovery." *Dayton v. Farmers Ins. Grp.*, 124 Wn.2d 277, 280, 876 P.2d 896 (1994). There is no reason to preclude an award of attorney fees in the CR 68 context simply because such an award is authorized by a recognized ground in equity, rather than by a statute or contract.

Ed. 2d 1 (1985)). However, where the authority permitting an award of attorney fees "neither mentions the word 'costs' nor specifically states whether attorney fees are defined or included as 'costs,'" then attorney fees must be awarded in addition to the amount of the offer. *Lietz,* 166 Wn. App. at 583; *see also Seaborn,* 132 Wn. App. at 267 (citing *Marek,* 473 U.S. at 7).

¶15 In *Seaborn,* we affirmed the trial court's award of attorney fees in addition to the amount set forth in a CR 68 offer of judgment. 132 Wn. App. at 264. The offer of judgment at issue there simply stated that Seaborn would submit to having judgment taken against it in the amount of $4,500 in exchange for dismissal of the counterclaims asserted against it. *Seaborn,* 132 Wn. App. at 264. The offer mentioned neither costs nor attorney fees. *Seaborn,* 132 Wn. App. at 264. The contract upon which the action was premised included two attorney fees provisions—the first, regarding collections actions, defined "costs" to include attorney fees, while the second, regarding litigation on the contract, defined such fees as separate from costs. *Seaborn,* 132 Wn. App. at 266. Because the offer was silent regarding attorney fees, and because one of the contract fee provisions defined attorney fees separately from costs, we determined that an award of attorney fees attributable to litigation on the contract was required in addition to the lump sum amount identified in the offer. *Seaborn,* 132 Wn. App. at 268.

¶16 Similarly, the Ninth Circuit has determined that a plaintiff did not waive a statutory entitlement to seek attorney fees by accepting an offer of judgment for "'$15,000, together with costs accrued to the date of [the] offer.'" *Nusom,* 122 F.3d at 832. The statutes at issue therein defined attorney fees separately from costs. *Nusom,* 122 F.3d at 831-32. The court determined that "a Rule 68 offer of judgment in a specific sum together with costs, which is silent as to attorney fees, is ambiguous when the underlying statute does not make attorney fees a part of 'costs.'" *Nusom,* 122 F.3d at 832. Because, the court held, a

"waiver or limitation on attorney fees must be clear and unambiguous," the court reversed the district court's order denying an award of attorney fees. *Nusom*, 122 F.3d at 832.

¶17 Here, Travelers' CR 68 offer of judgment states, in its entirety:

> Pursuant to CR 68, defendants Travelers Property Casualty Company of America and Travelers Indemnity Company of Illinois offer to have judgment entered against the two of them for a total judgment amount of $30,000 plus costs then accrued. This means a single $30,000 payment on behalf of both defendants, not two $30,000 payments. The term "costs" is defined in the same manner as in RCW 4.84.010.

Notwithstanding the fact that the offer does not mention attorney fees, Travelers asserts that the offer is not "silent on the issue" of such fees. *Seaborn*, 132 Wn. App. at 267. Rather, Travelers contends that the offer of judgment unambiguously indicates that it includes attorney fees, thus precluding an award of fees in addition to the judgment amount specified in the offer. This is so, Travelers asserts, because (1) the offer of judgment terminates all litigation between Travelers and Greensview; (2) the offer of judgment states that the "total judgment amount" is $30,000 plus costs; and (3) the offer of judgment references RCW 4.84.010, which provides for a statutory attorney fee. In addition, Travelers urges us to consider its proffered extrinsic evidence, which, it argues, demonstrates that there was no mutual agreement between the parties with regard to attorney fees.

¶18 Travelers first asserts that an offer of judgment need not explicitly mention attorney fees in order to unambiguously preclude an award of such fees. In so asserting, Travelers cites to decisional authority holding that the offers of judgment at issue therein—although not explicitly mentioning attorney fees—included attorney fees where the offers settled all pending claims between the parties. *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390 (7th Cir. 1999) (Federal Rule of Civil Procedure (FRCP) 68 offer

of judgment); *McGuire v. Bates*, 169 Wn.2d 185, 234 P.3d 205 (2010) (settlement offer pursuant to RCW 4.84.250-.280, not CR 68 offer of judgment).

¶19 In *McGuire*, which did not involve CR 68, our Supreme Court held that a settlement offer to settle "all claims" included McGuire's claim for attorney fees and, thus, McGuire, who accepted the settlement offer, was precluded from asserting a claim for such fees. 169 Wn.2d at 187. In so holding, the court reversed the Court of Appeals, determining that it had "misapplied *Seaborn*" when it analogized the settlement offer "to an offer of judgment that is silent on attorney fees under CR 68." *McGuire*, 169 Wn.2d at 190. The court determined that the settlement offer at issue there was not silent with regard to attorney fees because it purported to settle "all claims." *McGuire*, 169 Wn.2d at 190. McGuire had "included in her complaint a claim for attorney fees"—indeed, "McGuire's claim for attorney fees was ubiquitous." *McGuire*, 169 Wn.2d at 188, 190. Thus, the only reasonable meaning of the settlement offer, the court determined, was "that all claims encompasses all claims, including claims for attorney fees." *McGuire*, 169 Wn.2d at 190-91.

¶20 The Seventh Circuit reached the same conclusion in *Nordby*. There, the FRCP 68 offer of judgment was for " 'judgment in the amount of $56,003.00 plus $1,000 in costs as one total sum as to all counts of the amended complaint.' " *Nordby*, 199 F.3d at 391. Citing a case in which it had determined an offer of judgment to be ambiguous, the court recognized that " 'judgment' can mean either the substantive relief ordered (whether legal or equitable), or that plus attorneys' fees." *Nordby*, 199 F.3d at 392. Nevertheless, the court held that there was "no ambiguity" in the offer of judgment there: " '[O]ne total sum as to all counts of the amended complaint' can only mean one amount encompassing all the relief sought in the counts. One of those counts specified attorneys' fees as part of the relief sought. That relief was covered by the offer." *Nordby*, 199 F.3d at 392 (alteration in original).

¶21 *McGuire* and *Nordby* are inapposite. Greensview's complaint stated four claims, none of which are "premised on a doctrine or statute expressly providing for the recovery of attorney's fees as the principal relief." *Bosley*, 650 F.3d at 412-13 (distinguishing *Nordby*). Greensview's complaint did request an award of attorney fees as part of its requested relief. However, "the inclusion of this request did not serve to transform the action into one that principally sought recovery of attorney's fees and costs." *Bosley*, 650 F.3d at 413. Indeed, even the court in *Nordby* considered that it might reach a different outcome in this circumstance: "We might have a different case if instead of seeking an award of attorneys' fees specified in one of the counts, the plaintiff were seeking an award of fees under a statute or rule or common law principle not cited in any of the counts of the complaint." 199 F.3d at 392-93. Thus, Travelers is incorrect that the offer of judgment includes attorney fees simply because it settled all pending claims between the parties.

¶22 Travelers additionally asserts that the offer of judgment unambiguously includes attorney fees because it contains the words "total judgment amount." But the term "judgment" does not necessarily include attorney fees; instead, it may refer solely to substantive relief. *Nordby*, 199 F.3d at 392. Moreover, Travelers is incorrect that the phrase "total judgment amount," as used in its offer of judgment, unambiguously includes both substantive relief and attorney fees. The offer states, in relevant part, that "defendants [Travelers] offer to have judgment entered against the two of them for a *total judgment amount* of $30,000 plus costs then accrued. *This means* a single $30,000 payment on behalf of both defendants, not two $30,000 payments." (Emphasis added.) Contrary to Travelers' assertion, the language utilized suggests that "total judgment amount" means only that the two Travelers defendants were together offering $30,000—*not* that the lump sum amount was inclusive of attorney fees. At best,

this language is ambiguous, and such ambiguity must be construed against Travelers as the drafter of the offer of judgment. *Seaborn*, 132 Wn. App. at 272.

¶23 Travelers' next contention, that its reference to RCW 4.84.010 indicates inclusiveness of attorney fees, is similarly unavailing. Again, the offer of judgment states that "defendants [Travelers] offer to have judgment entered against the two of them for a total judgment amount of $30,000 *plus costs then accrued*." (Emphasis added.) It further provides that "[t]he term 'costs' is defined in the same manner as in RCW 4.84.010." RCW 4.84.010 defines those costs that are allowed to a prevailing party, including "[s]tatutory attorney and witness fees." RCW 4.84.010(6). Thus, Travelers asserts, its offer of judgment did explicitly address attorney fees and, in so doing, limited Greensview to an award of statutory attorney fees. However, even were this interpretation of the offer of judgment a reasonable one, it would not be the only reasonable one. Travelers availed itself of the advantages provided by CR 68, and, as the drafter of the offer of judgment, Travelers was obligated by our decision in *Seaborn* to unambiguously indicate that its offer included attorney fees. Travelers' reference to RCW 4.84.010 does not unambiguously preclude an award of fees in addition to the judgment amount set forth in the offer.

¶24 Finally, Travelers contends that extrinsic evidence demonstrates that there was no mutual assent between the parties regarding attorney fees.[8] But "[a] valid contract requires the parties to objectively manifest their mutual assent to all material terms of the agreement." *P.E. Sys., LLC v. CPI Corp.*, 176 Wn.2d 198, 209, 289 P.3d 638 (2012). Were there no mutual assent regarding whether attorney fees were included in the CR 68 offer of judgment, the offer itself would be invalid. *See Lietz*, 166 Wn. App. at

---

[8] Specifically, Travelers cites as such evidence the fact that it had at no previous point in the litigation offered more than $40,000 to settle the case; that its last offer had been for only $6,000; and that Greensview's attorney never contacted Travelers to clarify the purported ambiguity of the offer.

575-76 (reversing the trial court's refusal to enter an offer of judgment based upon its determination that the parties lacked mutual assent regarding whether the offer included attorney fees); *Seaborn*, 132 Wn. App. at 268 (rejecting Seaborn's contention that the offer of judgment was void due to the absence of mutual assent regarding attorney fees). Travelers does not assert, however, that the offer of judgment itself is invalid. Rather, Travelers simply seeks to avoid paying attorney fees in addition to the judgment amount specified in the offer.

¶25 Even could we determine that an absence of mutual assent would not invalidate the offer of judgment itself, it has not been demonstrated that such an absence of mutual assent exists. When interpreting a CR 68 offer of judgment, we "look at the parties' objective manifestations for contract formation, not their unexpressed subjective intentions." *Lietz*, 166 Wn. App. at 587. Whether Travelers subjectively intended to preclude an additional award of attorney fees is not the question. Rather, we look to the offer of judgment itself in determining whether the offer includes such fees—and, as explained above, it does not. Although extrinsic evidence may be considered "as an aid to interpretation of the words of a contract," we "cannot import an unexpressed intention of one of the parties into the writing." *Seaborn*, 132 Wn. App. at 270. Furthermore, given the implications of a CR 68 offer of judgment, we should not allow Travelers' extrinsic evidence to affect the construction of its offer. *See Said*, 130 F.R.D. at 63 (noting that "courts should be reluctant to allow the offeror's extrinsic evidence to affect [the] construction" of the terms of an offer of judgment).

¶26 By making an offer of judgment pursuant to CR 68, Travelers "availed [itself] of the tactical advantages not available to the offeror of an ordinary settlement offer," *Bosley*, 650 F.3d at 414, allowing it to shift to Greensview any post-offer-of-judgment costs of litigation if Greensview rejected the offer. *Lietz*, 166 Wn. App. at 581. But Travelers

cannot avail itself of these advantages without subjecting itself to the corollary requirement set forth in *Seaborn*—that a CR 68 offeror unambiguously indicate whether the offer of judgment includes attorney fees. 132 Wn. App. at 272. In fact, the law pertaining to CR 68 offers of judgment constituted a material term of the parties' agreement. "[I]t has long been held to be 'the universal law that the . . . laws governing citizens in a state are presumed to be incorporated in contracts made by such citizens, because the presumption is that the contracting parties know the law.' " *Cornish Coll. of the Arts v. 1000 Virginia Ltd. P'ship*, 158 Wn. App. 203, 223, 242 P.3d 1 (2010) (quoting *Leiendecker v. Aetna Indem. Co.*, 52 Wash. 609, 611, 101 P. 219 (1909)), *review denied*, 171 Wn.2d 1014 (2011). To the extent that Travelers' misapprehension of the law informed its actions, that is, at most, evidence of a unilateral mistake as to the effect of the agreement. It is not evidence of the absence of mutual assent as to the agreement's material terms.

¶27 Both parties knew that the settlement was entered into pursuant to CR 68. Both parties were charged with knowledge of the law pertaining to CR 68 offers. Travelers' mistaken belief as to the law, if any, does not equate to an absence of a "meeting of the minds" on the essential terms of the agreement. Thus, given that the offer of judgment did not unambiguously include attorney fees, the offer does not preclude an award of such fees in addition to the judgment amount specified in the offer. *Seaborn*, 132 Wn. App. at 267.

¶28 Having established that Travelers' offer of judgment is "silent on the issue of attorney fees"—and, thus, does not preclude an award of attorney fees in addition to the judgment amount—we must next determine whether the underlying authority for such an award defines attorney fees as costs. *Seaborn*, 132 Wn. App. at 267. As noted above, Greensview sought an award of attorney fees pursuant to *Olympic Steamship*, 117 Wn.2d 37, which identifies a recognized ground of equity

allowing for the recovery of attorney fees. There, our Supreme Court held that "an award of [attorney] fees is required in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract." *Olympic S.S.*, 117 Wn.2d at 53. In so holding, the court recognized that the "disparity of bargaining power between an insurance company and its policyholder makes the insurance contract substantially different from other commercial contracts." *Olympic S.S.*, 117 Wn.2d at 52. The court explained:

> When an insured purchases a contract of insurance, it seeks protection from expenses arising from litigation, not "vexatious, time-consuming, expensive litigation with his insurer." Whether the insured must defend a suit filed by third parties, appear in a declaratory action, or as in this case, file a suit for damages to obtain the benefit of its insurance contract is irrelevant. In every case, the conduct of the insurer imposes upon the insured the cost of compelling the insurer to honor its commitment and, thus, is equally burdensome to the insured. Further, allowing an award of attorney fees will encourage the prompt payment of claims.

*Olympic S.S.*, 117 Wn.2d at 52-53 (citations omitted).[9]

¶29 Our Supreme Court has never, in *Olympic Steamship* or otherwise, held that the attorney fee recovery authorized by that case constitutes "costs." To the contrary, the court has held that, where an award of attorney fees is authorized by *Olympic Steamship*, the entitlement to collect "reasonable attorney fees" is not limited to those expenses enumerated as "costs" in RCW 4.84.010. *Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins.*

---

[9] The court later upheld its *Olympic Steamship* decision, determining that "the rationale underlying the decision is firmly grounded on recognized grounds of equity." *McGreevy v. Or. Mut. Ins. Co.*, 128 Wn.2d 26, 28, 904 P.2d 731 (1995). In so doing, the court again emphasized the substantial difference between an insurance contract and other commercial contracts, the "principal premise underlying the award of attorney fees in *Olympic Steamship*." *McGreevy*, 128 Wn.2d at 35. The remedy provided by the *Olympic Steamship* rule, the court explained, is justified by "the special fiduciary relationship that this court has recognized as existing between an insurer and insured." *McGreevy*, 128 Wn.2d at 36.

*Co.*, 144 Wn.2d 130, 142, 26 P.3d 910 (2001) ("It must be noted that there is a difference between an entitlement to collect 'reasonable attorney fees' and an entitlement to collect those statutory 'costs' enumerated in RCW 4.84-.010."). Here, as in *Lietz*, the underlying authority for an award of attorney fees does not specifically state whether attorney fees are defined as "costs." 166 Wn. App. at 583. "In the absence of a statutory definition that includes attorney fees as part of 'costs,' we do not read attorney fees as 'costs' for purposes of a CR 68 offer of judgment unless the offer of judgment expressly states that it includes attorney fees." *Lietz*, 166 Wn. App. at 583-84.

■■■ ¶30 Because attorney fees authorized by *Olympic Steamship* are not defined as costs, a CR 68 offeree seeking an award of attorney fees on that basis is entitled to such an award unless the offer of judgment unambiguously includes attorney fees. Here, Travelers' offer of judgment did not unambiguously include such fees. Accordingly, Greensview was entitled to an award of attorney fees in addition to the judgment amount set forth in the offer of judgment. The trial court erred by denying Greensview's request for such fees.[10]

■ ¶31 Greensview additionally requests an award of attorney fees on appeal pursuant to *Olympic Steamship*. Because Greensview is the prevailing party on appeal, it is entitled to such an award. *See Lietz*, 166 Wn. App. at 596 (granting an award of attorney fees on appeal from trial court's denial of fees in CR 68 offer of judgment case); *Bordeaux, Inc. v. Am. Safety Ins. Co.*, 145 Wn. App. 687, 698, 186 P.3d 1188 (2008) (granting to prevailing party an award of attorney fees on appeal pursuant to *Olympic Steamship*).

---

[10] Greensview is entitled only to those attorney fees incurred as a result of its insurance coverage claim. *See Olympic S.S.*, 117 Wn.2d at 53. Because the statutory authority for an award of attorney fees set forth in the CPA defines such fees as costs, Greensview is not entitled to an award of attorney fees attributable to its CPA claims. *See* RCW 19.86.090 (stating that the plaintiff may recover "the costs of the suit, including a reasonable attorney's fee").

¶32 Reversed and remanded for the calculation and award of reasonable attorney fees incurred, both in the trial court and on appeal, attributable to Greensview's insurance coverage claim.

BECKER and SCHINDLER, JJ., concur.