# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| LARRY SPOHN, | No. 54097-5-II |
| Appellant, | |
| v. | |
| DEPARTMENT OF LABOR AND INDUSTRIES, | PUBLISHED OPINION |
| Respondent. | |

CRUSER, J. — Larry Spohn appeals a superior court's order affirming an order by the Board of Industrial Insurance Appeals (Board) that awarded Spohn only part of the attorney fees and costs he requested. Spohn alleges that the superior court (1) erred by reviewing the Board's order regarding attorney fees and costs for an abuse of discretion and not holding a de novo hearing, and (2) violated RCW 51.32.185 by affirming the Board's award. Spohn also requests attorney fees and costs for this appeal.

We hold that the superior court erred when it failed to hold a de novo hearing, and we reverse and remand for a new hearing. Because we remand this matter, we need not address Spohn's second assignment of error. We award Spohn attorney fees and costs for this appeal.

FACTS

A. BACKGROUND

Spohn was a firefighter for over two decades. A few years after Spohn's career with the fire department ended, he was diagnosed with pulmonary fibrosis. Spohn filed a claim for benefits with the Department of Labor and Industries (DLI) pursuant to the Industrial Insurance Act, but DLI rejected Spohn's claim. DLI determined that Spohn's claim was not eligible because his respiratory condition was not a result of an industrial injury or an occupational disease, and that Spohn's condition was not the result of any alleged exposure from his occupation as a firefighter.

Spohn appealed to the Board.

B. APPEAL TO THE BOARD

The Board reversed and allowed Spohn's claim as an occupational disease. The Board allowed the claim because Spohn developed his respiratory condition during his career with the fire department and DLI failed to rebut the presumption under RCW 51.32.185 that Spohn's condition was an occupational disease.[1]

Spohn moved for attorney fees and costs related to his appeal to the Board. Spohn claimed that he incurred $62,020 in attorney fees and $8,615.70 in costs. Spohn's attorney billed at $475 an hour and the attorney's paralegal's rate was $175 an hour. Spohn submitted a time sheet for his attorney's and the paralegal's work, as well as their declarations in support of the request. Spohn also submitted his attorney's cost ledger, which outlined the costs Spohn requested. DLI

---

[1] RCW 51.32.185 was amended in 2018 and 2019, but because these amendments have no impact on our analysis, we cite to the current version. LAWS OF 2018, ch. 264, § 3; LAWS OF 2019, ch. 133, § 1.

acknowledged that Spohn was entitled to attorney fees and costs but argued that $70,635.70 was excessive.

The Board awarded Spohn $22,350 in fees and $5,211.54 in costs. The Board set the attorney's rate at $300 an hour and ordered that 70 hours be compensated. The paralegal's rate was set at $100 an hour and ordered that 10.5 hours be compensated. Finally, the Board noted that Spohn failed to sufficiently substantiate all the costs he requested.

Spohn filed a motion to reconsider the attorney fees that the Board awarded, and the motion was denied. Spohn then appealed the Board's denial of his motion to reconsider to the superior court.

C. APPEAL TO THE SUPERIOR COURT

At the outset of the hearing on Spohn's appeal of the Board's decision, the superior court sought to clarify with the parties the scope of the hearing. Specifically, the superior court wanted to know whether it would be conducting a de novo hearing or whether it would merely be reviewing the Board's fee and cost calculation to determine whether the Board had abused its discretion in setting a reasonable fee and cost award.

DLI argued both that the superior court should review the Board's fee award for an abuse of discretion, and that the Board had not abused that discretion. Spohn's counsel initially replied that the superior court should hold a de novo hearing. However, Spohn's counsel later argued that the Board had abused its discretion by reducing his fee award. The superior court, for its part, stated that the decision on fees and costs was "discretionary with *this court*," suggesting it believed it was conducting a de novo hearing rather than merely reviewing the Board's decision for an abuse of the Board's discretion. Verbatim Report of Proceedings (VRP) at 5 (emphasis added).

However, in its letter ruling, the superior court stated that the sole issue in this case was "whether the Board abused its discretion in determining the amount of reasonable attorney fees and costs." Clerk's Papers (CP) at 1370. The superior court noted in closing that "[w]hile this court may have come to a different conclusion if the standard of review was *de novo*, the Board's decision was not an abuse of discretion." *Id.* at 1372.

Despite having ruled that its role was to determine whether the Board had abused its discretion in calculating reasonable fees and costs, the superior court nevertheless entered its own findings of fact and conclusions of law. In its findings of fact, the superior court determined that $300 per hour for an attorney and $100 for a paralegal were reasonable. The court further found that 71.5 work hours for the attorney and 10.5 work hours for the paralegal were reasonable, and that $5,211.54 in costs was reasonable.[2] In its conclusions of law, the superior court concluded that the Board had not abused its discretion, explaining that the Board was not legally required to award all the fees and costs Spohn requested and that the Board had provided detailed reasons for its decision.

Spohn appeals.

## THE ALLEGED STANDARD OF REVIEW ERROR

Spohn argues that the hearing on his appeal of the Board's decision on attorney fees should have been a hearing de novo under RCW 51.52.115. Spohn contends that a hearing de novo was required because RCW 51.52.115 provides for such a hearing when the superior court reviews a

---

[2] The superior court's findings of fact slightly differed from the Board's. Whereas the Board allowed for 70 hours of attorney work, the superior court's finding allowed for 71.5. This appears to be a typographical error, however, because the total amount of attorney fees ($21,300) was the same amount the Board awarded, despite having awarded the same hourly rate but a *different* number of hours.

Board decision. DLI responds that the requirement of a de novo hearing under RCW 51.52.115 only pertains to "a hearing *on the merits*." Br. of Resp't at 28.

We conclude that the superior court erred by reviewing the Board's award of fees and costs for an abuse of discretion rather than holding a hearing de novo.[3]

A. LEGAL PRINCIPLES

Chapter 51.52 RCW lays out the provisions for appeals under the Industrial Insurance Act (IIA), including appeals to the Board and to the superior court. RCW 51.52.010; RCW 51.52.110. Under RCW 51.52.120(2), the Board is required to determine the reasonable fee for an attorney's services in an appeal before the Board, and the Board's decision can be reviewed by the superior court upon the request of the attorney, worker, or beneficiary. RCW 51.52.115 establishes the procedure for appeals to the superior court. Specifically, RCW 51.52.115 requires that on appeal to the superior court, the court should hold a hearing de novo.

Additionally, RCW 51.32.185(9)(a) provides that in appeals to the Board in cases involving the firefighter presumption in which the final decision of the Board allows the claim for benefits, the firefighter is entitled to all reasonable costs of the appeal, including attorney fees and witness fees.

---

[3] Spohn also contends that instead of remanding his case to the superior court, we should consider the attorney fees he requested and award him all the attorney fees that he requested. But it is not our role to review the Board's order or determine the reasonableness of Spohn's fees. RCW 51.52.140; *Dep't of Labor & Indus. v. Rowley*, 185 Wn.2d 186, 200, 378 P.3d 139 (2016). Rather, that is the role of the superior court. RCW 51.52.120. Our role is to review the superior court's decision. RCW 51.52.140; *Rowley*, 185 Wn.2d at 200.

B. ANALYSIS

RCW 51.52.115 provides that upon appeals to the superior court under the IIA, "[t]he hearing in the superior court shall be de novo." Spohn contends that the plain language of this statute prescribes that in *any* appeal of a Board decision to the superior court under the IIA, the hearing in superior court shall be a hearing de novo.

DLI argues that RCW 51.52.115 only provides for a de novo hearing on the *merits* of the claim, and does not apply to an appeal involving attorney fees that were awarded as part of a successful appeal to the Board. DLI further contends that RCW 51.52.120 governs appeals of attorney fees in successful appeals to the Board, pointing to language in subsection (2) of that statute, which says "'[a]ny attorney's fee set by the department or the board may be reviewed by the superior court upon application of such attorney, worker, or beneficiary.'" Br. of Resp't. at 28-29 (quoting RCW 51.52.120).

DLI offers no authority to support its position that RCW 51.52.115 applies only to hearings on the merits. The term "merits" does not appear in RCW 51.52.115, and DLI cites no case to support its contention.[4] Further, the provision of RCW 51.52.120 cited by DLI merely authorizes superior court review of attorney's fees to the same degree that superior court review is authorized of a determination on the merits. The *procedure* governing such review, however, is contained in RCW 51.52.115. According to the plain language of RCW 51.52.115, Spohn's appeal of the Board's decision on attorney fees should have been considered by the superior court in a hearing de novo.

---

[4] Where, as here, "no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

C. HARMLESS ERROR

DLI contends that if the superior court erred in not holding a de novo hearing, the error was harmless because the superior court entered its own findings of fact. We disagree.

The findings entered by the superior court do not appear to be the product of the superior court's own review of the record. Instead, they appear to be largely identical to the Board's findings. And where there is a variation, it appears to have been an input error rather than an independent finding. Moreover, and significantly, the superior court's conclusions of law related to the Board's lodestar calculation[5] and determination of costs are couched in terms of the Board having not abused its discretion. Finally, the superior court said in its letter ruling that had it considered the fee request de novo rather than for an abuse of discretion by the Board, it may have come to a different conclusion. In sum, the record does not reflect that the superior court made an independent determination of the attorney fees and costs requested.

On remand, in addition to making a de novo determination regarding attorney fees and costs, the superior court is instructed to clearly set forth its reasons supporting the award. The superior court "must supply findings of fact and conclusions of law sufficient to permit a reviewing court to determine why the [superior] court awarded the amount in question." *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 144, 331 P.3d 40 (2014). To this end, the superior court must do more than unquestioningly accept the fee laid out before it. *See Berryman v. Metcalf*, 177 Wn. App. 644, 658,

---

[5] A lodestar calculation is principally a two-step calculation to compute an award of fees. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 593, 675 P.2d 193 (1983). "First, a 'lodestar' fee is determined by multiplying a reasonable hourly rate by the number of hours reasonably expended on the lawsuit." *Id.* (internal quotation marks omitted) (quoting *Miles v. Sampson*, 675 F.2d 5, 8 (1st Cir. 1982)). The "'lodestar'" can then be adjusted to reflect factors, "'such as the contingent nature of success in the lawsuit or the quality of legal representation.'" *Id.* at 593-94 (internal quotation marks omitted) (quoting *Miles*, 675 F.2d at 8).

312 P.3d 745 (2013). The findings must show, generally, that the court actively and independently considered what a reasonable fee would be. *Id.* The findings should also reflect the objections the court considered and how it resolved factual disputes, and the court's conclusion should reflect its reasoning. *Id.*

Therefore, we reverse the superior court and remand for further proceedings.

ATTORNEY FEES ON APPEAL

Spohn also requests attorney fees and costs for this appeal under RAP 18.1 and RCW 51.32.185(9)(b).

RCW 51.32.185(9)(b) provides that when a determination involving the presumption under RCW 51.32.185(1) is "appealed to any court and the final decision allows the claim for benefits," the court must award the firefighter all reasonable costs of the appeal. Additionally, under RAP 18.1, the prevailing party is entitled to attorney fees and costs on appeal when the award is authorized by an applicable law. *McGuire v. Bates*, 169 Wn.2d 185, 191, 234 P.3d 205 (2010). Because this is a case where the final decision involved the presumption and allowed Spohn's claim for benefits, Spohn is entitled reasonable appellate attorney fees and costs as the prevailing party in this appeal. Thus, we award him reasonable appellate attorney fees and costs.[6]

---

[6] Spohn also requests attorney fees and costs for his appeal to the superior court. The record does not reflect that the superior court issued a ruling regarding Spohn's request for attorney fees and costs for his appeal to the superior court, and Spohn's appeal before the superior court is still ongoing because we are remanding for further proceedings. Accordingly, on remand, the superior court may consider Spohn's request for fees and costs related to his appeal to the superior court.

No. 54097-5-II

CONCLUSION

The superior court erred in not holding a hearing de novo under RCW 51.52.115. Therefore, we reverse and remand this matter to the superior court. Additionally, we grant Spohn's request for attorney fees and costs on appeal.

CRUSER, J.

We concur:

MAXA, P.J.

VELJACIC, J.